*C. D. & F. K. McCutchen,* for plaintiff in error.

*M. C. Tarver,* contra.

---

GORDON *et al.* v. FRITTS *et al.*

LUMPKIN, J.  1. Under the pleadings and evidence, there was no abuse of discretion in granting an interlocutory injunction, subject to be dissolved on the giving of a bond by the defendant.

2. The demurrer was not heard or passed on as such. While on the interlocutory hearing it was considered with the other pleadings in determining whether an injunction should be granted, such grant was not a conclusive adjudication upon the demurrer.

(a) Inasmuch as there was no error in granting the interlocutory injunction based on the suit of a former wife, against her divorced hus-

band, to recover judgment on account of necessary expenditures made by her in supporting their minor children, and to enforce payment from an interest which he had in an unsettled estate, it would not necessarily make such grant erroneous if there was a misjoinder of parties or causes of action because she added to her petition a proceeding by her as next friend of the children, to require the father of such children to furnish them with a support during their minority.

3. When an application for an interlocutory injunction came on to be heard at chambers in a county other than that in which the suit was brought, an oral motion to dismiss the petition on the ground that it was multifarious and included a misjoinder of parties and causes of action was not proper to be made and determined, and was correctly denied.                *Judgment affirmed. All the Justices concur.*

OCTOBER 15, 1912.

Injunction. Before Judge Fite. Catoosa superior court. April 12, 1912.

*Maddox, McCamy & Shumate* and *Foust & Payne,* for plaintiffs in error.

*H. P. Lumpkin, Baxter Smith,* and *Earl Jackson,* contra.