## CARTER COMPANY *v.* O'QUINN.

In response to a rule nisi to show cause against the grant of an interlocutory injunction, the court may consider a demurrer as cause for refusing such injunction. However, the demurrer can not be determined as independently presenting an issue for adjudication on its merits, where the hearing is in vacation and no compliance is had with the Civil Code (1910), §§ 4852, 4853, respecting the hearing in vacation of matters determinable by the judge without reference to a jury, and no order in term has been taken to hear the demurrer in vacation.

APRIL 20, 1915.

Petition for injunction. Before Judge Conyers. Wayne superior court. February 7, 1914.

*J. H. Thomas* and *D. M. Clark*, for plaintiff.

*J. R. Thomas* and *W. B. Gibbs*, for defendant.

EVANS, P. J. The L. Carter Company brought a petition against L. E. O'Quinn, to recover damages for an alleged trespass and to enjoin its continuance. A rule nisi was granted, calling on the defendant to show cause before the judge at chambers why an interlocutory injunction should not issue. The time set for the hearing was postponed from time to time; and finally a consent order was passed, setting the hearing of the application for injunction at chambers on a date between the return and trial terms of the cause. On the hearing provided for in this order the defendant presented to the court a written demurrer. The plaintiff objected to the con-

sideration of the demurrer, on the grounds that it had not been filed at the appearance term, and that it could not be adjudicated upon the hearing of the application for a temporary injunction. The court overruled these objections, and entered a judgment sustaining the demurrer and dismissing the plaintiff's case. Error is assigned on this judgment.

While on an interlocutory hearing a demurrer may be considered along with the other pleadings, in determining whether an injunction should be granted, such grant is not a conclusive adjudication upon the demurrer. *Gordon* v. *Fritts,* 138 *Ga.* 770 (76 S. E. 40). On such an interlocutory hearing the court adjudicates the propriety of the grant or refusal of the writ of injunction. If such hearing occurs after the appearance term, the court's jurisdiction to determine the demurrer by independent judgment on that pleading, in the absence of a term order setting the hearing in vacation, is dependent on compliance with the Civil Code (1910), §§ 4852, 4853. These sections empower the judges to hear in vacation, without previous term order, such matters which they may hear in term without a jury, on giving the written notice therein prescribed. The next section (4854) declares that "Said judges can not exercise any power out of term time, except authority is expressly granted; but they may, by order granted in term, render a judgment in vacation." In *Lott* v. *Wood,* 135 *Ga.* 821 (70 S. E. 661), it was held, that, without the notice required by the statute, or order passed in term time, or the waiver of it, a vacation hearing of a certiorari is coram non judice and void. It has also been held that the absence of authority by a term order, and a failure to give the notice required by these code sections, rendered void a vacation judgment on demurrer to an affidavit of illegality. The court was without jurisdiction at chambers to dismiss the plaintiff's petition on demurrer, and his judgment must be reversed.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*