## SWANSON, sheriff, *v.* DOUGLAS.

1. The order of the court adjudging Douglas in contempt and requiring the sheriff of Cobb County to arrest him was in the nature of a civil, and not a criminal proceeding. *Davis* v. *Davis*, 138 *Ga.* 8 (1 *a*), 10 (74 S. E. 830); In re Dickens, 162 Ala. 272, 276 (5) (50 So. 218); Gordon *v.* Commonwealth, 141 Ky. 461 (133 S. W. 206); Oswald on Contempt of Court, 35; Rapalje on Contempts, 25, § 21.

2. A sheriff cannot execute an attachment for a civil contempt of the court out of the county of which he is sheriff. *State* v. *Harrell*, *Ga.* Dec. 130.

3. Besides, even if the failure to comply with the order and decree of the court is a contempt subjecting the defendant to imprisonment in the common jail, the court itself should have definitely fixed its requirements and the time within which the order of the court must be performed, and, at the expiration of that time, have passed an order adjudging whether or not the defendant was actually in contempt, and should not have left the determination of those questions to the sheriff of the county. *Davis* v. *Davis*, supra.

No. 1891. NOVEMBER 10, 1920. REHEARING DENIED DECEMBER 20, 1920.

Habeas corpus. Before Judge Ellis. Fulton superior court. January 12, 1920.

*George F. Gober*, for plaintiff in error. *J. V. Pool*, contra.

GILBERT, J. Lee Douglas brought suit in the superior court of Cobb County, against J. P. Brooke. The latter filed a cross-petition seeking specific performance of a contract for the sale of land. A decree was rendered therein which provided, that, upon the deposit of a stipulated sum of money by Brooke with the clerk of the superior court of said county, Douglas should

make to Brooke "good and sufficient title" to said property "free from any incumbrances." Douglas having failed to execute the deed in accordance with the decree, Brooke filed a petition reciting that he had deposited the required sum of money with the clerk of the superior court, and also the failure on the part of Douglas to comply with the decree, and prayed that a rule nisi be issued, calling upon Douglas to show cause why he should not comply with the terms of the decree, and, on failure to show such cause, that he be attached for contempt of the court. A rule nisi was issued in accordance with the latter petition; and Douglas having failed to appear or to make any response, the judge of the superior court rendered a judgment declaring that "the said Lee Douglas is now in contempt of this court for failing and refusing to carry out and comply with the terms of the decree entered in this court." It was further ordered that within ten days thereafter Douglas comply with the terms of the decree, and, on his failure to do so, that he be arrested by the sheriff of Cobb County or his lawful deputy and confined in the common jail of said county and there remain until he purged himself of contempt. The sheriff of Cobb County, by virtue of the aforesaid contempt order of the court, arrested Douglas in Fulton County; whereupon Douglas filed in Fulton superior court a petition for the writ of habeas corpus, in which he alleged that he was being illegally restrained of his liberty by W. E. Swanson, sheriff of Cobb County, because the sheriff could not legally make said arrest in Fulton County, outside of Cobb County, of which latter county he is sheriff. On the hearing Swanson, sheriff, introduced all of the proceedings had in the superior court of Cobb County mentioned above, and produced Douglas into court. The judge of the superior court of Fulton County rendered a judgment releasing Douglas from custody, and Swanson, sheriff, excepted.

The headnotes cover the questions involved, and need not be elaborated.

*Judgment affirmed. All the Justices concur.*