### Beacham *et al.* v. Nobles *et al.*

ATKINSON, J. 1. On the trial of an issue made by the interposition of a statutory claim, the claimant, although holding under a conveyance from the defendant in fi. fa., executed after the rendition of the judgment and the levy, may attack the judgment and the levy on any ground

showing the invalidity of either or that the property is not subject. *Wheeler* v. *Martin*, 145 *Ga.* 164 (88 S. E. 951).

(*a*) Where in such a case a claim has been interposed by the claimant who is in possession of the land levied on, equity will not entertain a petition to enjoin the execution and for a receiver for the land which is in possession of the claimant, brought by him and the defendant in fi. fa. against the plaintiff in fi. fa., the alleged grounds for the equitable relief being the invalidity of the judgment and the levy. This is true for the reason that "Equity will not take cognizance of a plain legal right, where an adequate and complete remedy is provided by law." Civil Code, § 4538.

(*b*) The record fails to disclose grounds for equitable jurisdiction on the basis of avoiding multiplicity of actions.

2. The court was without jurisdiction, at the interlocutory hearing prior to the appearance term, to overrule the demurrer to the petition. *Union Investment Co.* v. *Engesser*, 151 *Ga.* 695 (107 S. E. 861).

3. In view of the ruling made in the first headnote, it is unnecessary to decide as to the validity of the judgment or levy in question. Applying to the pleadings and evidence the principles above stated, the court erred in granting an interlocutory injunction and in appointing a temporary receiver.     *Judgment reversed. All the Justices concur.*

No. 2730. JULY 11, 1922.

Injunction and receivership. Before Judge Kent. Laurens superior court. June 11, 1921.

On February 3, 1920, C. T. Beacham sold to J. F. Nobles a described tract of farm land, on which was a dwelling, for $9,000, receiving $500 cash and a promissory note for $8,500 with interest from maturity at the rate of 8 per cent. per annum, payable October 15, 1920. The note contained a stipulation to pay "all costs of collection, including ten per cent. as attorney's fees, if collected by law or through an attorney. at law." The vendor executed a bond for title, which was duly recorded. At the time of the sale there was an outstanding loan deed in favor of the International Life Insurance Company, to secure a loan of $3,500 to the vendor, for payment of which the vendor remained bound. The agreement was, that, on settlement of the note, the vendee could carry the loan and take credit for the amount thereof, or pay the whole note and the vendor would pay off the loan. The loan was never paid, and there is a judgment outstanding based thereon for principal, interest, and attorney's -fees, which is declared to be a special lien on the land. Eight days after his purchase Nobles procured a fire-insurance policy for $6,000 on the dwelling, to which was attached a clause making the loss payable to "John Hancock Mutual Life Insurance Co. as first mortgagee."

After receiving the note for the balance of the purchase-price of the land, the vendor pledged it to the Dublin and Laurens Bank as collateral security for $2,500. The vendee having failed to pay, suit was instituted on November 16, 1920, by the vendor for the use of the bank, in the city court of Dublin. No demand having been made for a jury trial, the judge rendered a judgment on December 30, 1920, during the regular December quarterly term of court, for the plaintiff, for principal, interest, and attorney's fees. Execution was duly issued; and on January 3, 1921, the vendor executed and caused to be recorded a deed to the vendee for the purpose of levying upon the land. On the same day the land was levied on, and also certain corn, as the property of the defendant in fi. fa., to all of which G. H. Williams interposed statutory claims.

Subsequently, on May 19, 1921, Williams and Nobles jointly instituted suit in the superior court, returnable to the July term, against Beacham individually and as a representative and for the use of the Dublin and Laurens Bank, seeking to enjoin further proceedings under the fi. fa., the claim cases, and alleged garnishment proceedings; seeking also the appointment of a receiver to collect alleged insurance for which the garnishment proceedings had issued to impound, and to hold the land and corn until the further order of the court; seeking also a judgment declaring the judgment in favor of Beacham null and void, on the ground that the judge of the city court was without jurisdiction to render it; seeking also to declare void the fi. fa. and levy thereon, on the grounds that such judgment was void, and that, there being a prior outstanding security deed executed by Beacham, his conveyance to Nobles for the purpose of levy did not vest legal title in Nobles so as to give a leviable interest. At an interlocutory hearing on June 11, which was prior to the appearance term, the judge overruled a demurrer to the petition and proceeded with the further hearing of the case. Though the petition was sworn to positively, it was not introduced in evidence. Over the objection that it was irrelevant, the judge admitted in evidence an affidavit of E. G. Simmons, who on oath said: "That he is familiar with land lot No. 216 in the 18th land district of Laurens County, Georgia, that he had the same in charge to sell last winter; that it is a desirable farm, well located and improved, and one that

would sell for a reasonable price if conditions of the county were normal and the management of land uninterrupted; that he could and thinks would have sold the same so as to have protected the interest of the loan company, the claims of the Dublin & Laurens Bank, and the interests of C. T. Beacham and J. F. Nobles, if it had all been left to him without interruption from the different parties interested; and that deponent thinks the same thing can be done this coming fall, if placed in the hands of a competent man with sole control and management without interference by the different parties at interest and the officers of the court. Deponent further says that in his opinion a forced sale for cash by the sheriff before the court-house door at this time will mean a sacrifice of the property and in [an?] injustice to some of the parties interested. Deponent further says that the financial and business interest of this section is strained and depressed at this particular time, and that the people are interested mostly in financing the completion of this crop, and that nothing in [is?] doing in the sale of real estate, except at a sacrifice and loss to some one; that he is informed that property has been offered for sale by public officials of this and adjoining counties without receiving a reasonable bid or offer for same; that deponent has no personal interest in the results of this affidavit, except a true statement of present conditions in this section."

The allegations of the petition as to garnishment proceedings, and as to the existence of funds arising from insurance on the property, were denied in the answer; and there was no evidence to support such allegations. The judge admitted in evidence an unrecorded deed from Nobles to Williams, dated February, 1921, purporting to convey the land, over the objection that it did not contain the requisite revenue stamps, and was not recorded, and its execution was not otherwise proved. At the conclusion of the evidence the judge rendered a judgment as follows: "After hearing evidence and agreement [argument?] in the above-stated case, it is ordered by the court that the summons of garnishment served on the Atlas Assurance Co., now pending in the city court of Dublin, in case of C. T. Beacham vs. J. F. Nobles, be and the same is hereby dissolved upon the payment of said policy to the receiver herein named, and said Atlas Assurance Co. is hereby directed to settle said loss and policy

with the receiver hereinafter named, and said receiver is hereby directed to report to this court for further instructions as soon as said insurance policy is paid to him. Ordered further that said receiver take charge of lot of land No. 216, 150 acres of claimed G. H. Williams & J. F. Nobles, in the 18th land district of Laurens County, Ga., until further orders of this court, except as to claim of International Life Ins. Co. Ordered further, that all proceedings by C. T. Beacham for use of Dublin & Laurens Bank and individually, now pending in city court of Dublin and in superior court of Laurens County, together with all judgments, executions, levies, claims, garnishments, and acts and remedies of all kind, be and the said are hereby enjoined and consolidated in this one court until further order of this court, except what proceedings may be necessary by the receiver to collect the insurance. Ordered further that A. W. Garrett be and he is hereby appointed as receiver to take charge of said fire-insurance policy for $6000.00, issued by the Atlas Assurance Co. to J. F. Nobles, and he is hereby authorized to collect same and make complete settlement with said Atlas Assurance Co., and report same to this court; he is also directed to take charge of 150 acres of said lot of land No. 216 in the 18th land district of Laurens County, Ga., and to hold the same until further order of this court, to manage same, collect rents, and sell same if necessary by direction of this court. It is further ordered and said A. W. Garrett, receiver, give a good and sufficient bond in the sum of $15,000, for the faithful performance of his duties as such receiver, to be approved by the clerk superior court of Laurens County, Georgia. Said receiver to be paid a fee of one hundred dollars for all his service as receiver rendered in said case. This June 11, 1921." The defendant excepted to this judgment and assigned error on the rulings overruling the demurrer and admitting evidence.

*Ira N. Eubanks,* for plaintiffs in error.