ATLANTA MUTUAL ASSOCIATION *et al. v.* SWIFT & COMPANY.

ATKINSON, J. On July 25, 1916, the Atlanta Mutual Association obtained a judgment in Colquitt superior court against Carl Hurst. Execution was issued. On November 8, 1916, garnishment was sued out, directed to the Moultrie Packing Company, the employer of Hurst, and was

served on November 16. The garnishee did not answer, and at the April term, 1917, the plaintiff's attorney entered judgment against the garnishee for the sum of $684 principal, together with interest and court cost. Execution was issued upon the judgment, and, on July 31, 1917, was levied on certain property of the garnishee. An affidavit of illegality was interposed on certain grounds which sought to go behind the judgment; and they need not be stated. At the hearing the judge sustained plaintiff's demurrer to the illegality, holding that illegality was not an available remedy. The defendant took a direct bill of exceptions to the Court of Appeals, and executed a supersedeas bond. The judgment of the trial court was affirmed. The remittitur from the Court of Appeals was returned to the trial court, and on February 3, 1919, the clerk of the trial court issued an execution against the garnishee and its surety on the supersedeas bond, for the principal sum of $684.20, together with interest and costs. The execution thus issued was placed in the hands of the sheriff for enforcement. When the sheriff was about to levy upon certain property which had been purchased by Swift & Company from the Moultrie Packing Company shortly after rendition of the judgment against it as garnishee, Swift & Company instituted an equitable action against the sheriff and the Atlanta Mutual Association. The petition alleged facts as stated above, and prayed for writ of injunction against the defendants, to prevent them from proceeding with the enforcement of the execution issued on the supersedeas bond, and that the sheriff be restrained from levying such fi. fa. on any of the property purchased by Swift & Company from the Moultrie Packing Company; also that such fi. fa. be declared null and void and be canceled; and for general relief. *Held:*

1. The eventual condemnation-money for which the defendant and his surety were bound on the supersedeas bond was not the amount of the judgment rendered against the defendant as garnishee, with interest thereon, but was merely any unpaid costs of court accruing by reason of carrying the case to the Court of Appeals; and accordingly the execution issued by the clerk on the supersedeas bond upon the filing of the remittitur from the Court of Appeals was issued without legal authority, and therefore void. See *Franklin* v. *Kriegshaber,* 114 *Ga.* 947 (41 S. E. 47), and cit.; Civil Code (1910), § 6165; *Planters' &c. Bank* v. *Hudgins,* 84 *Ga.* 108 (10 S. E. 501), and cit.

2. Swift and Company, as purchasers of the property upon which levy was threatened, could set up invalidity of the fi. fa. and levy thereof in a claim case based upon the filing of a statutory claim after levy by the the sheriff; and having an adequate remedy at law, equity would not afford a remedy by injunction. Accordingly the court erred in overruling a demurrer which set up that an equitable cause of action was not alleged. *Wheeler* v. *Martin,* 145 *Ga.* 164 (88 S. E. 951); *Beacham* v. *Nobles,* ante, 718.

3. The error in overruling the demurrer rendered all subsequent proceedings nugatory; and it is not necessary for this court to pass upon the assignments of error in the motion for new trial.

                    *Judgment reversed. All the Justices concur.*
                    No. 2755. July 11, 1922.

Equitable petition. Before Judge Thomas. Colquitt superior court. April 22, 1921.

*P. Q. Bryan,* for plaintiffs in error. *Shipp & Kline,* contra.