PAYNE *v.* ROYAL INDEMNITY COMPANY *et al.*

No. 6510.    FEBRUARY 15, 1929.

*J. M. Lang,* for plaintiff. *J. G. B. Erwin,* for defendants.

PER CURIAM. ■ The management of the fiscal affairs of Gordon County is vested in the commissioner of roads and revenues of that county, and such official has jurisdiction in examining the accounts of all officers and persons having the care or collection of money belonging to the county and bringing them to settlement. Acts 1874, p. 344; Acts 1913, p. 392; Acts 1920, p. 541. Such commissioner "takes the place of the ordinary;" and the official bond of the tax-collector of Gordon County, as required by section 1207 of the Civil Code (1910), is properly made payable to such commissioner rather than to the ordinary. *Arthur* v. *Commissioners,* 67 *Ga.* 220. The requirement of section 1207, that the tax-collector shall give bond "payable to the ordinary," should not be construed so as to require that such bond be made payable to the ordinary as such, but rather to the officer having charge of the financial affairs of the county and jurisdiction of county matters; and thus construed, our ruling does not give effect to a local law on a subject for which provision has been made by an existing general law, as is forbidden by art. 1, sec. 4, par. 1, of the constitution.

■ In case of the breach of such an official bond, the power to issue an execution against the defaulting tax-collector, to recover "the County of Gordon's revenues" which such official "has collected and fails to turn over to the proper authorities," is vested in the commissioner of roads and revenues of Gordon County, the obligee in such bond. *Arthur* v. *Commissioners,* supra; Civil Code (1910), §§ 521, 522, 523; *County of Pulaski* v. *Thompson,* 83 *Ga.* 270 (9 S. E. 1065); *Lamb* v. *Dart,* 108 *Ga.* 602 (34 S. E. 160); *McWhorter* v. *Chattooga County,* 154 *Ga.* 289, 291 (114 S. E. 203). The execution in question recites that "the said Eldon Payne [the tax-collector] has collected and fails to turn over to the proper authorities the sum of $10,677.56 of the County of Gordon's revenues." This is such a sufficient statement of facts as will authorize the issuance of such execution. See *Greer* v. *Turner County,* 138 *Ga.* 558 ·(75 S. E. 578).

■ Though the proceeding in this case is framed as an equitable petition for injunction to prevent the further progress of the levy

in question, and to declare void the bond and execution upon which it is based, and also as a suit for damages, the petitioner is in fact only a claimant of the property. As such, she may attack the execution for any reason which the defendant in execution could urge against it at the time of the trial of the claim case (*Hollinshead* v. *Woodward*, 128 *Ga.* 7, 13, 57 S. E. 79, and cit.; *Wheeler* v. *Martin*, 145 *Ga.* 164, 167, 88 S. E. 951), but she can make no attack upon the validity of the fi. fa. which could not then be urged by the defendant in execution. *Ridling* v. *Stewart*, 77 *Ga.* 539, 541; *Haynes* v. *Armour Fertilizer Works*, 146 *Ga.* 832 (92 S. E. 648). However, it was held in *Beacham* v. *Nobles*, 153 *Ga.* 718 (113 S. E. 6), that, "On the trial of an issue made by the interposition of a statutory claim, the claimant, although holding under a conveyance from the defendant in fi. fa., executed after the rendition of the judgment and the levy, may attack the judgment and the levy on any ground showing the invalidity of either, or that the property is not subject." See also *Atlanta Mutual Association* v. *Swift*, 153 *Ga.* 722 (2) (113 S. E. 8). Applying the foregoing rulings, no ground for equitable interference with the progress of the levy is shown, as the petitioner has an adequate remedy at law if the levy be in fact made upon her property rather than upon the property of Eldon Payne. The trial judge did not err in sustaining the demurrer and dismissing the petition.

*Judgment affirmed. All the Justices concur, except*

RUSSELL, C. J., dissenting. In preparing the foregoing syllabus in behalf of the majority of the court I have given expression to · their views and cited authority in support of their opinion. Speaking for myself, for the reason often heretofore expressed, I am of the opinion that the court erred in sustaining the demurrer and dismissing the petition. By the passage of the uniform procedure act of 1887 (Code of 1910, § 5406) courts of chancery in this State were abolished, and all of their powers were conferred upon the superior courts. These were empowered to apply either equitable or common-law remedies. The main purpose of the passage of that act was, by abolishing all distinctions between actions at common law and proceedings in equity, to give the petitioner in the prosecution of his action the right to choose whether he would avail himself of the remedy afforded by courts of equity or follow the common law. Consequently, in my opinion, the fact that a petitioner may

have an adequate remedy at common law is no bar to his proceeding for the same purposes in the superior court, which is now our only court of equity, and that he may have an adequate remedy at law is no bar to his asserting the right to which he would be entitled at law through the medium of an equitable proceeding.