### FOSTER *v.* FOSTER.

BELL, J. 1. In a suit for permanent and temporary alimony the judge is without jurisdiction, at an interlocutory hearing prior to the appearance term, either to overrule or to sustain a demurrer to the petition. Thus, regardless of whether the petition in this case was subject to the demurrer, it was error to pass upon the demurrer at the time of the order overruling the same. *Carter Co.* v. *O'Quinn,* 143 *Ga.* 390 (85 S. E. 90); *Union Investment Co.* v. *Engesser,* 151 *Ga.* 695 (107 S. E. 861); *Beacham* v. *Nobles,* 153 *Ga.* 718 (3) (113 S. E. 6); *Smith* v. *Gibbs,* 160 *Ga.* 364 (127 S. E. 738). The act of August 25, 1925, changing the rule as to the time when demurrers may be determined, has no application except in "equity causes . . where extraordinary relief is sought." Ga. L. 1925, p. 97.

2. The existence of a valid marriage is essential to recovery of alimony. *Morgan* v. *Morgan,* 148 *Ga.* 625 (97 S. E. 675, 4 A. L. R. 925).

3. "If a cohabitation between a man and a woman is shown to have been illicit in its inception, in the absence of proof to the contrary the illicit relation will be presumed to have continued throughout the period of cohabitation. Such presumption may be overcome by direct or circumstantial evidence affirmatively showing that, pending the illicit relation, the parties entered into an agreement to become husband and wife, and thereafter continued the cohabitation in the new relation. The burden of proof is upon the party asserting the agreement." *Drawdy* v. *Hesters,* 130 *Ga.* 161 (4) (60 S. E. 451, 15 L. R. A. (N. S.) 190).

4. In the present case the plaintiff relied solely upon an alleged common-law marriage. Under the evidence it appeared without dispute that the cohabitation was illegal in its inception, and that this fact was known

to the plaintiff; and there was no evidence to show the assumption of a new relation after the defendant's disability was removed. It was therefore erroneous to grant any sum to the plaintiff for alimony or attorney's fees. This ruling is in accord with the following cases in each of which the woman was ignorant of the man's disability at the beginning of the cohabitation. *Hamilton* v. *Bell*, 161 *Ga.* 739 (3) (132 S. E. 83); *Heflinger* v. *Heflinger*, 161 *Ga.* 867 (132 S. E. 85); *Hawkins* v. *Hawkins*, 166 *Ga.* 153 (2) (142 S. E. 684).

5. "It is error for the court to order a certain sum to be paid by a respondent for temporary alimony and other sums to be paid at future intervals, and to provide that if the future payments are not made at the times specified, then the sheriff shall remand the respondent to jail until the same are paid, no provision being made in the order for a hearing from the respondent before being adjudged in contempt and committed to jail." *Davis* v. *Davis*, 138 *Ga.* 8 (74 S. E. 830); *Swanson* v. *Douglas*, 150 *Ga.* 650 (3) (105 S. E. 161).

*Judgment reversed. All the Justices concur.*

No. 9973. MAY 17, 1934.

*W. M. Sapp, W. E. Mann,* and *W. G. Mann,* for plaintiff in error.