## 33423. MITCHELL v. KOOPU.

JORDAN, Justice.

Appellant, Bobby Dwayne Mitchell, appeals an order of the DeKalb County Superior Court holding him in wilful contempt of court for failure to pay child support pursuant to an order dated November 25, 1975. Appellant initiated this action by filing a Motion to Set Aside this November 25, 1975, order on the grounds that it contained a self-effectuating contempt order which violated appellant's rights of due process and, therefore, was void on its face. Appellee, Mitchell's former wife, answered appellant's motion and filed an application for contempt citation. After a hearing, appellant was adjudged in wilful contempt of the November 25, 1975, order.

1. Appellant's first enumeration of error is that the trial court erred in denying appellant's motion to set aside the contempt order of November 25, 1975. Appellant's motion was filed pursuant to Code § 81A-160 and alleged that the order complained of violated his rights of due process of law. The order provided that, upon an affidavit from appellant's former wife that appellant has failed to make his required payments, appellant would be incarcerated. This language provides for the incarceration of the appellant without any notice or hearing and is unconstitutional. *Foster v. Foster,* 178 Ga. 791 (174 SE 532) (1934). The trial court erred in holding the appellant in contempt of this void order.

2. The above holding makes unnecessary a ruling on appellant's remaining enumerations of error.

*Judgment reversed. All the Justices concur, except Bowles, J., who concurs in the judgment only, and Hill, J.,*

*who dissents.*

SUBMITTED MARCH 24, 1978 — DECIDED OCTOBER 17, 1978 —
REHEARING DENIED NOVEMBER 7, 1978.

*Edward H. Kellogg, Jr.,* for appellant.
*Crowe & Manheim, Arthur Crowe, Alan C. Manheim,* for appellee.

HILL, Justice, dissenting.

After hearing evidence of nonpayment of child support, the trial judge held the former husband in contempt of the payment requirement of the prior order; the former husband was not held in contempt of the self-executing provision of that prior order. Moreover, the self-executing provision was agreed and consented to by the former husband's attorney. I would affirm the finding that the husband was in contempt of court without requiring a new hearing and a new order.