## 34847. ROEHL v. O'KEEFE.

UNDERCOFLER, Presiding Justice.

Delores Ann Roehl appeals the judgment of the trial court holding her in contempt for failing to comply with the visitation rights awarded her former husband on his earlier modification petition. She contends that since their North Carolina divorce was never domesticated, the Superior Court of Pike County had no jurisdiction to modify the visitation conditions set out in their divorce decree and consequently had no authority to hold her in contempt. We do not agree.

1. Delores Ann Roehl, then O'Keefe, and Joseph Daniel O'Keefe were divorced in North Carolina in 1971. Joseph O'Keefe filed his petition to modify both child support and visitation[1] in Pike County, now the domicile of Mrs. Roehl. Only the latter relief was granted and no appeal was taken. Several months later, O'Keefe's petition for contempt, asserting that Mrs. Roehl refused to comply with the changed visitation, was granted by the trial court. It orally denied her motion to dismiss[2] on the basis that the North Carolina decree had never been domesticated, but this judgment was never reduced to writing. We, however, consider all antecedent rulings when a final judgment is entered, and thus reach the merits of her appeal. Code Ann. § 6-701 (b).

An authenticated copy of the foreign decree appears in the record of this case, Code Ann. § 38-627 (b), but no order has been entered making it a Georgia judgment.[3] Mrs. Roehl asserts that, without doing this, the Pike Superior Court had no subject matter jurisdiction to

---

[1] O'Keefe originally also sought custody but that claim was abandoned.

[2] We do not address here the timeliness of this motion.

[3] Compare *Blue v. Blue,* 243 Ga. 22 (252 SE2d 452) (1979), which permits prospective modification of alimony and child support decrees of sister states after domestication in Georgia. In *McGuire v. McGuire,* 228 Ga. 782 (187 SE2d 859) (1972), the Florida decree was not domesticated.

modify O'Keefe's visitation rights.[4]

Under the Uniform Child Custody Jurisdiction Act, Code Ann. Ch. 74-5, Ga. L. 1978, p. 258 (eff. Jan. 1, 1979),[5] Code Ann. § 74-515 (a) (2) provides for modification of custody decrees of another state, if the Georgia courts have jurisdiction. Under Code Ann. § 74-516, foreign custody decrees are enforceable merely by filing a certified copy with the clerk of the superior court. Since a certified copy of the North Carolina decree appears in the record, it was properly "domesticated" pursuant to this Act. The trial court thus did not err in refusing to grant Mrs. Roehl's motion to dismiss, and in holding her in contempt for refusing to comply with the Georgia visitation order. *White v. White,* 233 Ga. 289 (210 SE2d 817) (1974).

2. The trial court was authorized under the evidence to hold Mrs. Roehl in wilful contempt of its modification order. *White v. White,* supra. We do not find that judgment too vague and indefinite to be enforceable.

3. Mrs. Roehl also asserts that the trial court erred in providing for her incarceration merely by O'Keefe's affidavit to the court that she was not allowing him to exercise his visitation rights.[6] Such a provision is unconstitutional because it violates due process. *Mitchell v. Koopu,* 242 Ga. 506 (249 SE2d 210) (1978); *Foster v. Foster,* 178 Ga. 791 (174 SE 532) (1934). This provision must be, and is hereby ordered, stricken from the judgment.

---

[4] Neither party contends that the North Carolina divorce decree is not entitled to full faith and credit. *Boggus v. Boggus,* 236 Ga. 126 (223 SE2d 103) (1976).

[5] Although this Act was not in effect at the time O'Keefe's visitation rights were changed, its application impairs no vested rights and may be applied on appeal. *City of Valdosta v. Singleton,* 197 Ga. 194 (28 SE2d 759) (1944).

[6] " . . . [I]f Delores Ann Roehl fails to comply with this Court's order and thereby Mr. O'Keefe is not premitted to visit with his son as ordered by the Court, upon Affidavit of Mr. O'Keefe and approved [sic] by this Court with such

*Judgment affirmed in part; reversed in part. All the Justices concur, except Hill, J., who concurs in the judgment only.*

ARGUED MAY 14, 1979 — DECIDED
MAY 30, 1979.

*Brown & Romeo, Robert T. Romeo, H. Eugene Brown,* for appellant.
*Larry H. Evans,* for appellee.

---

affidavit stating the facts; it is the order of this Court that upon this approved affidavit, the Sheriff of this County will be directed to place Delores Ann Roehl in the common jail of this County."