### 37198. FLOYD v. FLOYD.

HILL, Presiding Justice.

When James W. Floyd, Sr., and Lynn C. Floyd were divorced on October 9, 1979, custody of their minor child was awarded to the mother, and the father was ordered to pay $100 per week as permanent child support. He was found in arrears and in contempt on January 8, 1980, but was allowed to purge himself of contempt by immediate part payment with the balance due later. When he again failed to make payment, his former wife brought another contempt petition and he filed for a modification. After a hearing, the trial court entered an order on June 17, 1980, temporarily reducing the weekly payments to $40, ordering the father to pay $300 on the arrearage by 5 p.m. that day and thereafter to pay $10 per week on the arrearage, and awarding the wife $200 attorney fees which the father was ordered to pay within ten days.

On October 16, 1980, the mother filed a petition seeking to have the father committed to jail for failure to comply with the order of June 17. Specifically, she complained that he had not paid the $300 arrearage due June 17 nor the $200 attorney fees due June 27, and that he had fallen behind by $270 in his payments of $50 per week ($40 child support and $10 on arrearage). The father was ordered to

show cause on November 4, 1980, why he should not be found in contempt and committed to jail. The father answered that he had been unable to comply with the order of June 17, 1980. After hearing, the trial court entered the following order on November 4:

"The above and foregoing case having come on for trial before this Court and both plaintiff and defendant having been represented by counsel and after the hearing of the evidence in the case, the Court finds that the defendant has failed and refused to abide by the court order of June 17, 1980, in that he is $570.00 in arrears in the payment of child support, and he has failed to pay the $300.00 arrearage and that he has failed to pay the $200.00 attorney fees, all as ordered by this Court on June 17, 1980. The Court further finds that the defendant is in contempt of this Court for failure to abide by said court order of June 17, 1980, for failure to pay said child support, said arrearage and said attorney fees, being a total amount due of $1,070.00.

"It is therefore the order of the Court that the defendant be committed to the common jail of Effingham County, Georgia, on Friday, November 7, 1980, at 5:00 p.m., provided that the Defendant may purge himself of this contempt by paying unto the Sheriff of this County, said sum of $1,070.00, on or before Friday, November 7, 1980, at 5:00 p.m., and upon failure of Defendant to pay said sums unto the Sheriff, then the Sheriff of this County is hereby directed and ordered to arrest the said Defendant, James W. Floyd, Sr., and commit him to the common jail of Effingham County, Georgia, until further order of this Court."

1. The father first contends that the trial court found him "in contempt" without finding that he was able to pay and that the contempt was wilful. He points out that the November 4 order contains no finding that he was able to pay or that he was in wilful contempt of the court.[1]

Although the father's ability to pay child support and wilful refusal to do so is essential to finding him in contempt, the order of June 17, 1980, ordering the father to pay $300 that day, $200 in attorney fees within ten days, and $50 per week thereafter, was a finding that he was able to pay $300 that day, $200 within ten days, and $50 per week thereafter. The finding in the November 4 order that he had failed and refused to make the payments ordered on June 17 was sufficient to authorize the finding that he was "in contempt."

[1] The father also asserts that the trial court erred in ordering him to pay a total of $1,070 in arrearages although the motion only sought $770 in arrearages. In view of the history of this case and the absence of transcripts, we are unable to find that error was committed in the computation of the $1,070 in arrearages.

The words "wilful refusal" and "ability to pay," although preferable, are not words of art which must appear in every contempt order. See *Tolleson v. People's Savings Bank,* 85 Ga. 171, 183 (11 SE 599) (1890). It is only necessary that the order specify sufficient facts to show that the respondent was in contempt of court. *Garland v. State of Ga.,* 101 Ga. App. 395 (6) (114 SE2d 176) (1960); see also *Garland v. State of Ga.,* 99 Ga. App. 826, 840 (110 SE2d 143) (1959).

The father did not pay even the $300 found payable immediately (and has failed to show inability to pay the other payments). He was ordered confined to jail by the November 4 order for failure to comply with the June 17 order. We hold that where, on motion for contempt, an order is entered requiring payment of sums past due, a person can be ordered to jail by a subsequent order, entered after hearing, finding that the prior order has been disobeyed.

2. The father's second enumeration of error is that the trial court erred in making the incarceration order self-executing; that is, in ordering incarceration at a later time unless payment had been made, without providing for a further hearing. He relies on *Davis v. Davis,* 138 Ga. 8 (74 SE 830) (1912); *Swanson v. Douglas,* 150 Ga. 650 (105 SE 161) (1920); *Foster v. Foster,* 178 Ga. 791 (5) (174 SE 532) (1934); and *Mitchell v. Koopu,* 242 Ga. 506 (249 SE2d 210) (1978).

In *Davis v. Davis,* supra, 138 Ga. 8, the order in question provided that if future payments of alimony were not made when they became due, the sheriff would incarcerate the husband without hearing; this court held that cannot be done. *Foster v. Foster,* supra, 178 Ga. 791, where the trial court was being reversed for other reasons, merely quoted *Davis v. Davis,* supra, without the analysis which we follow here. In *Mitchell v. Koopu,* supra, 242 Ga. 506, the order provided that upon affidavit of the former wife that her former husband had failed to make required payments, he would be incarcerated without hearing. That order placed the keys to the jail in the opposing party's hand in that there was no mechanism provided whereby an officer of the court would possess objective information as to whether the order at issue had been complied with. See *Roehl v. O'Keefe,* 243 Ga. 696 (3) (256 SE2d 375) (1979). The order in *Swanson v. Douglas,* supra, 150 Ga. 650, was subject to the same defect.

Here we have quite a distinct situation: The order complained of did not relate to future payments; it related to payments adjudicated as being owed. The order did not put the keys to the jail in the opposing party's hand; whether payment was made or not made was to be determined by the sheriff by payment or nonpayment to him. The father had a hearing and was adjudged in contempt. Few litigants claiming inability to pay are likely to appear in court with sufficient funds in hand to enable them to pay contempt orders

instanter. And many litigants would be unable to satisfy contempt orders if they were incarcerated immediately following the hearing; in order to purge oneself, property may have to be sold or pledged, or payday awaited. For practical reasons, the trial court gave the defendant three days to purge himself on the contempt by making the payment to the sheriff of sums adjudicated due. We hold that this procedure does not deny the father due process.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 30, 1981.

*Alton D. Kitchings,* for appellant.
*R. Edward Reddick, Jr.,* for appellee.