## 38115. HAWKES v. HAWKES.

HILL, Presiding Justice.

On May 7, 1981, the Madison County Superior Court entered an order requiring Sherman Buford Hawkes to pay his former wife the sum of $999.65, as reimbursement for the court costs and attorney fees she incurred in the parties' divorce proceeding. Upon motion and after hearing, the former husband was found in wilful contempt of the court's May 7 order for refusing to pay the sum ordered. Consequently, the trial court issued an order providing "that defendant may purge himself of contempt by paying to plaintiff [the wife] the sum of $999.65 within fifteen (15) days of the date of this order. If he should fail to so purge himself within the time allowed, the Sheriff of Madison County, Georgia, is ordered to incarcerate the defendant until further order of this Court." We granted the husband's application to appeal the trial court's order.

1. The husband first contends that the undisputed evidence at the contempt hearing showed that he was without sufficient funds to comply with the May 7 order and, therefore, the finding of wilful contempt was error. See *Ensley v. Ensley,* 239 Ga. 860, 863 (238 SE2d 920) (1977). There is no transcript of the contempt hearing and we will not presume the trial court erred in finding that the husband had the ability to comply with the order and wilfully refused to do so. E.g., *Almond v. Almond,* 244 Ga. 54 (257 SE2d 509) (1979); *Caldwell v. Lambert,* 243 Ga. 221, 222 (253 SE2d 191) (1979). Thus, this enumeration of error is without merit.

2. The husband also asserts that the trial court's order is erroneous because it authorizes his incarceration if within fifteen days he does not pay *to his wife* the sum owed. He argues that this self-effectuating order deprives him of due process of law by divesting the court of supervision over whether he has purged himself

of contempt.

We agree. By ordering the husband to make the overdue payment directly to his wife, rather than through a court official, the trial court's order "placed the keys to the jail in the opposing party's hand in that there was no mechanism provided whereby an officer of the court would possess objective information as to whether the order at issue had been complied with." *Floyd v. Floyd,* 247 Ga. 551, 553 (277 SE2d 658) (1981). See also *Roehl v. O'Keefe,* 243 Ga. 696 (3) (256 SE2d 375) (1979); *Mitchell v. Koopu,* 242 Ga. 506 (1) (249 SE2d 210) (1978). This omission may be cured by amendment to the trial court's order.

*Judgment affirmed upon condition that the trial court's order be amended. All the Justices concur.*

DECIDED JANUARY 7, 1982.

*Barry Lane Fitzpatrick,* for appellant.
*John F. Lyndon,* for appellee.