## 39469. RIVERA v. HOUSING AUTHORITY OF FULTON COUNTY.

ORDER OF COURT.

Upon consideration of the application for certiorari filed to review the judgment of the Court of Appeals in this case, it is ordered that the writ be hereby denied.

*All the Justices concur, except Weltner and Bell, JJ., who concur specially.*

ORDERED JANUARY 6, 1983.

Shena R. Rivera, pro se.
*Harold T. Daniel, Jr.,* for appellee.

WELTNER, Justice, concurring specially.

I concur specially, inasmuch as I agree with the Court of Appeals that the order of the trial court which is the subject of the appeal is not a final judgment. Nonetheless, the application presents an important question which needs address.

The Housing Authority of Fulton County brought an action seeking a judgment for past due rent and writ of possession. The trial court entered an order including the following: "The order and judgment of this court dated March 16, 1982, having required defendant to pay the sum of $226.20 by April 1, 1982; and it appearing from the evidence presented at the hearing that subsequent rent in the amount of $30.00 has accrued; and it appearing that the defendant has not paid as required by a previous order; the defendant is ordered to pay to plaintiff the sum of $256.20 on or before April 23, 1982, or a writ of possession shall issue without further order of this court."

It is the self-effectuating aspect of this order which causes concern.

We have in the past dealt with orders of a similar nature relative to contempt proceedings. See *Davis v. Davis,* 138 Ga. 8 (74 SE 830) (1912); *Swanson v. Douglas,* 150 Ga. 650 (105 SE 161) (1920); and *Mitchell v. Koopu,* 242 Ga. 506 (249 SE2d 210) (1978).

"In *Davis v. Davis,* supra, 138 Ga. 8, the order in question provided that if future payments of alimony were not made when they became due, the sheriff would incarcerate the husband without hearing; this court held that cannot be done. . . . In *Mitchell v. Koopu,* supra, 242 Ga. 506, the order provided that upon affidavit of the former wife that her former husband had failed to make required payments, he would be incarcerated without hearing. That order placed the keys to the jail in the opposing party's hand in that there was no mechanism provided whereby an officer of the court would possess objective information as to whether the order at issue had been complied with. See *Roehl v. O'Keefe,* 243 Ga. 696 (3) (256 SE2d 375) (1979). The order in *Swanson v. Douglas,* supra, 150 Ga. 650, was subject to the same defect." *Floyd v. Floyd,* 247 Ga. 551 (2) (277 SE2d 658) (1981).

In this case, the order places the keys to the tenant's dwelling in the opposing party's hand, with no mechanism provided "whereby an officer of the court would possess objective information as to whether the order at issue had been complied with." *Floyd v. Floyd,* supra. I do not suggest that a further hearing is required prior to the issuance of the writ, but rather that the order should direct payment to an officer of the court, who would possess objective information concerning compliance, and upon whose determination the writ might issue, as appropriate.

I am authorized to state that Justice Bell joins in this special concurrence.