## 66706. RIVERA v. HOUSING AUTHORITY OF FULTON COUNTY.

POPE, Judge.

Writ of possession. On February 12, 1982 appellee, Housing Authority of Fulton County, initiated dispossessory proceedings in the State Court of Fulton County against appellant, Shena R. Rivera, for failure to meet her rental obligations. On March 16, 1982 the trial court entered judgment in favor of appellee and ordered appellant to pay to appellee $226.20 (rent and utilities) on or before April 1, 1982. Thereafter appellant filed a motion for new trial. On April 6, 1982 the trial court denied that motion and further ordered appellant to pay appellee the sum of $256.20 (rent and utilities) on or before April 23, 1982, "or a writ of possession shall issue without further order of this court."

In June of 1982 appellant appealed the foregoing order to this court; however, that appeal was dismissed as premature. See *Rivera v. Housing Auth. of Fulton County,* 163 Ga. App. 648 (295 SE2d 336) (1982). Appellant then filed a motion for rehearing which was also denied by this court. Appellant's next step was to file a writ of certiorari to the Supreme Court of Georgia. On January 6, 1983 that writ was denied. However, in a special concurrence thereto, Justice Weltner expressed concern over the above-quoted, self-effectuating aspect of the trial court's order. He noted that "the order places the keys to the tenant's dwelling in the opposing party's hand, with no

mechanism provided 'whereby an officer of the court would possess objective information as to whether the order at issue had been complied with.' *Floyd v. Floyd,* [247 Ga. 551, 553 (277 SE2d 658) (1981)]. I do not suggest that a further hearing is required prior to the issuance of the writ, but rather that the order should direct payment to an officer of the court, who would possess objective information concerning compliance, and upon whose determination the writ might issue, as appropriate." *Rivera v. Housing Auth. of Fulton County,* 250 Ga. 461, 462 (299 SE2d 39) (1983).

On February 10, 1983 appellee applied for the issuance of a writ of possession against appellant. On March 17, 1983 appellant, apparently relying on Justice Weltner's special concurrence, filed a motion seeking clarification of the state court order of April 6, 1982. On March 21, 1983 the trial court made findings of fact and conclusions of law and issued a writ of possession and a judgment against appellant in the amount of $700 for past due rent. Appellant now brings this appeal.

1. Appellant first contends that rental payments were not made to appellee because appellee refused to accept payment. However, the trial court found that appellant admitted owing $700 to appellee for past rent. The trial court also found that appellant "has failed and refused to comply with the order of this Court dated the 6th day of April, 1982, and pay the rent then in arrears . . . and continues to fail to pay the rent at this time. . . ." In the absence of a transcript we are bound to assume that these findings by the trial court are supported by competent evidence. *McClindon v. Wright,* 160 Ga. App. 348 (2) (287 SE2d 74) (1981).

2. Appellant's remaining argument contends that the trial court's April 6, 1982 order (authorizing a writ of possession to be issued without further order of the court if appellant did not pay appellee on or before April 23, 1982) denied her due process because no mechanism was provided whereby a neutral party would possess objective information as to whether the order had been complied with. However, we find no due process infringement as the record discloses that appellant was afforded a hearing by the trial court as to her compliance with the April 6, 1982 order prior to the issuance of the writ of possession. See Division 1, supra. Thus, the issue raised by this argument is moot. See, e.g., *Smith v. Smith,* 223 Ga. 795 (1) (158 SE2d 679) (1967).

*Judgment affirmed. Quillian, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 19, 1983.

Shena R. Rivera, *pro se.*

*Andrew Patterson,* for appellee.