## S04A0095. MOCCIA v. MOCCIA.
(592 SE2d 664)

CARLEY, Justice.

Ralph (Father) and Cristi (Mother) Moccia were divorced in 1999. The final decree, which approved a settlement agreement, named Mother as the primary custodian of their daughter and required that Father make monthly support payments of $1,000. Although that amount exceeded the support guidelines established by OCGA § 19-6-15, the trial court approved the parties' agreed amount based upon the child's needs and the fact that Father's earning capacity exceeded his current income. In 2002, Father sought a downward modification of his support obligation, alleging a worsening of his financial condition. Mother answered and, by way of counterclaim, sought to have him held in contempt for failure to make support payments. After conducting a hearing, the trial court denied the modification request and found Father in contempt. Father applied for a discretionary appeal, which this Court granted.

1. In related enumerations of error, Father contends that, considering the evidence produced, the trial court should have granted modification.

OCGA § 19-6-19 (a) provides, in relevant part, that an award of child support can be modified "in accordance with the changed income and financial status of either former spouse . . ., if such a change in the income and financial status is satisfactorily proved so as to warrant the modification and revision." The trier of fact must initially determine "whether there has been such a change in financial status . . . 'as would support a *reconsideration* of the level of (the supporting spouse's) obligation to provide financial support for the parties' child.' [Cit.]" (Emphasis in original.) *Wingard v. Paris,* 270 Ga. 439 (511 SE2d 167) (1999). Here, the divorce decree established that, as evidenced by Father's earning capacity, rather than his current income, a level of support of $1,000 per month was appropriate. Thus, to justify a reduction in that obligation, Father was required to prove a subsequent diminution in his ability to pay that amount. See *Decker v. Decker,* 256 Ga. 513, 514 (2) (350 SE2d 434) (1986);

*McClinton v. McClinton*, 217 Ga. 283, 285 (1) (122 SE2d 112) (1961). The trial court correctly held Father to the standard of proof established by OCGA § 19-6-19 (a), requiring him to show a reduction in his financial status and income. See *Stiltz v. Stiltz*, 236 Ga. 308, 309 (223 SE2d 689) (1976).

" 'Financial status' is a much more comprehensive term than 'income,' and pertains to the conditions or circumstances in which a person stands with regard to his income and property." *McClinton v. McClinton*, supra at 285 (1). With regard to Father's financial status, the trial court found that he failed to meet his evidentiary burden because, in the period since the divorce, he had not made a "bona fide effort to obtain employment commensurate with his abilities." The trial court also determined that Father failed to prove a change in his income, finding that his testimony concerning his current income and living expenses was not credible. Although Father claimed that he received approximately $2,218 in cash per month for working in his brother's business, the trial court concluded that he

> could not specifically identify how he paid recurring bills such as rent, car payments and utility obligations. His checking account produced at trial does not adequately explain how certain payments were made.

Because the evidence does not demand a finding in favor of Father, the trial court did not abuse its discretion in denying a downward modification of child support. *Stiltz v. Stiltz*, supra at 311.

2. In connection with the contempt proceeding, the trial court's order provided that, if Father failed to pay all of the arrearages by a specified date, "and such is shown to the Court by a sworn affidavit of Mother filed with the Court and duly served on Father's counsel, an arrest warrant shall issue ordering immediate incarceration until paid in full." Father urges that this provision violates due process.

In effect, the order " 'placed the keys to the jail in [Mother's] hand in that there was no mechanism provided whereby an officer of the court would possess objective information as to whether the order at issue had been complied with.' [Cits.]" *Hawkes v. Hawkes*, 248 Ga. 772, 773 (285 SE2d 728) (1982). See also *Roehl v. O'Keefe*, 243 Ga. 696, 697 (3), fn. 6 (256 SE2d 375) (1979). Compare *Floyd v. Floyd*, 247 Ga. 551, 553 (2) (277 SE2d 658) (1981) (failure to make timely payment directly to sheriff authorized immediate incarceration). The order is, therefore, erroneous insofar as it authorizes Father's immediate arrest upon Mother's unilateral submission of an affidavit asserting his failure to pay by the specified date. *Mitchell v. Koopu*, 242 Ga. 506 (1) (249 SE2d 210) (1978). Accordingly, "[t]his provision must be, and is hereby ordered, stricken from the judgment." *Roehl v.*

*O'Keefe,* supra at 697 (3).

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED FEBRUARY 2, 2004.

*McGinnis & Chambers, James J. McGinnis,* for appellant.
*Barry B. McGough, Gregory R. Miller,* for appellee.