S08A0980. HALL v. DOYLE-HALL.
(667 SE2d 81)

HINES, Justice.

This Court granted ex-husband Robert W. Hall discretionary appeal from an order of the Superior Court of Newton County entered on his ex-wife Heidi R. Doyle-Hall's motion for contempt for Hall's failure to pay sums awarded as alimony, child support, and property division in the parties' final judgment and decree of divorce. The superior court found Hall in wilful contempt and ordered him to purge himself of the contempt by paying, inter alia, an $18,383.81 arrearage.[1] The contempt order also provided that, in the event Hall failed to pay the arrearage as specified, upon an affidavit of non-compliance executed by counsel for Doyle-Hall, an order would issue directing that Hall be incarcerated until such time as he purged himself of the contempt by paying the arrearage.[2] This Court granted review to consider the propriety of such provision; finding that it runs afoul of the prohibition in *Moccia v. Moccia*, 277 Ga. 571, 572 (2) (592 SE2d 664) (2004), we reverse that portion of the judgment of contempt.

The fact that an incarceration order for failing to pay ordered support arrearages is self-executing is not, in and of itself, problem-

---

[1] The superior court found this amount to represent one-half of the arrearage at that time.

[2] This provision states:

That in the event Defendant fails to pay the arrearage in the manner stated above, upon affidavit of non compliance [sic] being executed by Plaintiff's counsel, an Order shall issue directing the Newton County Sheriff's Office to locate, attach, and incarcerate Defendant in the Newton County Jail until such time as he purges himself of Contempt by paying the arrearage set out in this Order.

atic; ordering incarceration at a later time unless payment of a found support arrearage has been made is not violative of due process. *Floyd v. Floyd*, 247 Ga. 551, 553 (2) (277 SE2d 658) (1981). In fact, the utility of such a provision is plain in the situation in which a hearing has been held and the party has been adjudged in contempt for failure to make payments adjudicated as being owed. Id. The incarceration provision in this case does not address future acts, but only the found arrearages. Compare *Smith v. Smith*, 280 Ga. 620, 621 (632 SE2d 83) (2006). Indeed, Hall had a hearing regarding such arrearages, and was adjudged in contempt. But, an examination of whether a self-effectuating provision encompasses future acts is not the end of the inquiry.

In *Moccia*, the contempt order at issue provided that if the father failed to pay all of the arrearages by a specified date, and the nonpayment was shown by an affidavit of the mother, an arrest warrant would issue. Id. at 572 (2). This Court determined that the order was erroneous insofar as it authorized the father's immediate arrest "upon [the] [m]other's unilateral submission of an affidavit asserting his failure to pay by the specified date" because "[i]n effect, the order ' "placed the keys to the jail in [the] [Mother's] hand in that there was no mechanism provided whereby an *officer of the court* would possess objective information as to whether the order at issue had been complied with." [Cits.]' [Cits.]" *Moccia* at 572 (2) (Emphasis supplied.). Thus, what is prohibited is that the incarceration of the contumacious party depend upon merely the averments of an interested party, like the former spouse bringing the contempt action, rather than upon the review of objective information provided by one not tied to the litigation or standing to benefit from it. Id.

In the present case, incarceration does not depend upon the averments of the ex-wife, Doyle-Hall, as to non-compliance, but rather upon the affidavit executed by her attorney. Confusion may have arisen from the language in *Moccia* permitting the averment about non-compliance from an "officer of the court." Id. Certainly, as a general matter, an attorney is an "officer of the court." See *Morris v. State*, 228 Ga. 39, 49 (11) (184 SE2d 82) (1971). However, such reference in *Moccia* did not authorize incarceration on the basis of information by the attorney representing the interests of the opposing side. The affidavit containing such information must come from a neutral and disinterested court official or other officer based upon objective information. See, e.g., *Floyd*, supra. Inasmuch as the present provision fails to provide a mechanism by which such an officer of the court would provide the affidavit regarding Hall's non-compliance with the directives at issue, the provision must be stricken from the judgment. *Moccia*, supra at 572 (2).

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED SEPTEMBER 22, 2008.

*Reed Edmondson, Jr.*, for appellant.
*Ninfo & Perkins-Brown, Stephen L. Coxen*, for appellee.