## A09A1096. BAUMAN v. HUMPHRIES.
(684 SE2d 395)

ADAMS, Judge.

We granted Leslie Bauman's application for a discretionary appeal of a trial court's order incarcerating her for contempt arising out of her divorce decree. Bauman argues that the trial court lacked grounds for the order because the only evidence of her alleged contempt came in the form of a letter to the court from her former husband's attorney whereas she was entitled to an evidentiary hearing. Her former husband contends this appeal is barred by res judicata and that Bauman waived any evidentiary hearing. We reverse.

The record shows that on October 15, 2008, following a hearing held September 22, 2008, Bauman was found in wilful contempt of court for failing to enroll the parties' minor children at a private school and failing to pay the tuition and registration fees as required by the terms of a consent order dated March 14, 2008.[1] The court explained that Bauman could purge herself of the contempt by enrolling the children at the specified private school "no later than

---

[1] The court also found her in wilful contempt for failure to pay the cost associated with the parties' children attending a prior private school as required by the parties' original divorce decree. But that finding is not relevant to this appeal.

October 21, 2008'' and that failure to do so and to pay the tuition and fees would result in her incarceration until she complied with the order. Bauman's application for discretionary review of that decision was denied on November 13, 2008.

The record shows that following the denial of Bauman's application for appeal, the attorney for her former husband sent a letter to the judge, in which he asserted that Bauman had not complied with the terms of the October 15 order; the letter also included a proposed order for Bauman's incarceration. The record contains no evidence of a hearing on the matter and it would appear that none was held. The trial court signed the proposed order on November 25, 2008. We granted Bauman's discretionary appeal on December 24, 2008.

First, res judicata is inapplicable as Bauman has appealed an order entered subsequent to her prior appeal.

Second, the fact that Bauman did not request a hearing is beside the point. Rulings of the Supreme Court of Georgia make clear that Bauman's incarceration based only upon a letter from opposing counsel was erroneous. ''[I]n Georgia, a trial court cannot order incarceration pursuant to a self-effectuating order, regarding future acts, without benefit of a hearing.'' (Citations and punctuation omitted.) *Smith v. Smith*, 280 Ga. 620, 621 (632 SE2d 83) (2006). And even when ''a hearing has been held and the party has been adjudged in contempt for failure to make payments adjudicated as being owed'' and when the court has ordered that the person can purge himself of contempt by paying the arrearage, the court may only act, at a minimum, on an ''affidavit . . . from a neutral and disinterested court official or other officer based upon objective information.'' *Hall v. Doyle-Hall*, 284 Ga. 325, 326 (667 SE2d 81) (2008). ''The fact that an incarceration order for failing to pay ordered [amounts] is self-executing is not, in and of itself, problematic; ordering incarceration at a later time unless payment . . . has been made is not violative of due process.'' (Citations and punctuation omitted.) Id. at 326. See also *Floyd v. Floyd*, 247 Ga. 551, 553-554 (2) (277 SE2d 658) (1981). But ''the incarceration of the contumacious party [may not] depend upon merely the averments of an interested party, like the former spouse bringing the contempt action, rather than upon the review of objective information provided by one not tied to the litigation or standing to benefit from it.'' *Hall*, 284 Ga. at 326. See also *Moccia v. Moccia*, 277 Ga. 571, 572 (2) (592 SE2d 664) (2004). Otherwise, ''the order place[s] the keys to the jail in the [father's] hand.'' (Punctuation omitted.) *Hall*, 284 Ga. at 326.

*Judgment reversed. Blackburn, P. J., and Doyle, J., concur.*

DECIDED SEPTEMBER 29, 2009.

*Deming, Parker, Hoffman, Green, Campbell & Daly, David C. Cole*, for appellant.
*Allen W. Bodiford*, for appellee.