21326, 21338. McCLINTON v. McCLINTON (two cases).

SUBMITTED SEPTEMBER 11, 1961—DECIDED OCTOBER 5, 1961.

*Smith & Undercofler, Hiram K. Undercofler,* for plaintiff in error.

*J. Frank Myers, Myers & Fortson,* contra.

HEAD, Presiding Justice. On March 21, 1961, James W. Mc-Clinton filed a petition against Juanita Carter McClinton, seeking a modification of a judgment entered on June 1, 1959, in a divorce action between the parties, awarding permanent alimony to the defendant in the sum of $400 per month. The petition, as amended, set out the income of the plaintiff from the year 1958 through an estimated income for 1961, and showed the "net worth" of the plaintiff on April 30, 1959, and on December 31, 1960. It was asserted that the plaintiff has had a substantial reduction in income which warrants a reduction in the alimony payments.

In the answer and cross-action of the defendant, as amended, she asserted that, if the plaintiff had a decrease of income in 1960, it was only a temporary decrease, and that the financial statement attached to his petition shows that his financial status is better than it was at the time of the judgment on June 1, 1959. She prayed for attorney's fees, and for an increase to $600 per month in alimony.

On May 23, 1961, the trial judge awarded the sum of $500 as attorney's fees to the defendant's attorneys. Thereafter, on the same date, the judge sustained the general demurrer of the defendant to the plaintiff's petition, and the plaintiff's motion to strike the defendant's answer and cross-action.

In case No. 21326 the plaintiff excepts to the court's order overruling his motion to strike the defendant's prayer for attorney's fees, and the sustaining of the general demurrer to his petition. In case No. 21338 the defendant excepts to the order dismissing her answer and cross-action.

■ The act authorizing the modification of a judgment for permanent alimony provides that it shall be on petition "showing a change in the income and financial status of the husband." Ga. L. 1955, pp. 630, 631 (*Code Ann. Supp.* § 30-220). The plaintiff in the present case contends that he is entitled to a downward revision of the alimony judgment obtained against him by the defendant because of a reduction in his income, al-

though his petition alleges that there has been a much more substantial increase in his net worth than there has been a reduction in his income. He relies on *Perry v. Perry*, 213 Ga. 847, 852 (102 SE2d 534), wherein it was held that the legislature did not intend to require a showing of a change in both the income and financial status of the husband. In the *Perry* case the plaintiff was seeking to obtain the custody of the minor child of the parties and was asking that the alimony judgment be adjusted to take into account his full support of the child. The ruling in the *Perry* case was summed up on page 852 as follows: "Clearly, what the legislature did intend was that the original judgment could be revised upon a change in the husband's ability to pay, and there might be a change in his ability to pay by reason of a change in his financial status without any actual change in his income." It was the "financial status" of the plaintiff in the *Perry* case that was involved, and not his "income." See *McWilliams v. McWilliams*, 216 Ga. 270 (116 SE2d 215). "Financial status" is a much more comprehensive term than "income," and pertains to the conditions or circumstances in which a person stands with regard to his income and property.

In the present case the plaintiff fails to show that he has less ability to pay the alimony judgment now than he had at the date of the judgment. The exhibits attached to his petition, as amended, show that at the time of the alimony judgment his "net worth" was $66,170.67, and that his "net worth" on December 31, 1960, was $315,280.15. He estimates his income for 1961 to be $20,000, but since the petition was filed on March 21, 1961, this figure must be purely speculative. His income for 1960 was alleged to be $31,248.57, and his income in 1958 (the year prior to the alimony judgment) was $65,785.31. His gain from the sale of capital assets in 1958 was $6,660.48, and in 1960 was $25,945.43. It therefore clearly appears from his petition that he was not less able to pay the alimony judgment at the time of filing his petition for modification than he was at the time of the rendition of the judgment.

It was alleged by the plaintiff that approximately $250,000 of his assets were transferred to his son during the pendency of the divorce action, and he contends that it is the reconveyance of these assets which accounts for the difference in his net worth.

It is alleged that the trial judge on the divorce trial instructed the jury that the property transferred was subject to being attached by reason of any verdict the jury might render with reference to the property.

*Code* § 30-112, as amended (Ga. L. 1950, pp. 365, 366) provides in part: "After suit for divorce has been filed, no transfer by the husband of the property, except bona fide in payment of pre-existing debts, shall pass title so as to avoid the vesting thereof according to the final verdict of the jury in the cause . . ." The alimony decree did not directly involve the property transferred by the plaintiff to his son, but provided a monthly allowance. We assume the transfer of property was made in good faith and not in an attempt to avoid the payment of alimony, and that by its reconveyance the plaintiff has approximately $250,000 more in assets than he had at the time of the rendition of the alimony judgment. (Even if the transfer had not been in good faith, the plaintiff could not profit from his own wrong.) Whether or not the jury may have considered the transferred assets in determining the amount of alimony for the defendant is not material on the present issue. The only issue on the modification of alimony is the changed ability of the husband to pay alimony, and by his petition the plaintiff shows that his financial condition was better at the time of filing the petition for modification than it was at the time the judgment was rendered.

The trial judge therefore properly sustained the general demurrer of the defendant to the plaintiff's petition. The defendant's cross-action for an increase in alimony, alleging the same figures in connection with the plaintiff's income and "net worth" as shown by his petition and the exhibits attached thereto, was erroneously dismissed.

■ In Section 4 of the act of 1955 (Ga. L. 1955, pp. 630, 632; *Code Ann Supp.* § 30-223) it is provided: "Where such an application, as hereinbefore authorized, if filed by the husband, the court may require the husband to pay reasonable expenses of litigation as may be incurred by the wife, either for herself or the child or children, or both, in the defense thereof." It is contended by the plaintiff that this section can apply only in those cases where a wife has been granted permanent alimony

and no divorce decree has been entered, since the terms "husband" and "wife" are used, and after the grant of a divorce the parties are no longer, in a strict legal sense, husband and wife.

Throughout the act authorizing the modification of alimony decrees, the parties are referred to as "husband" and "wife." *Code Ann. Supp.* § 30-223 obviously intends to attach the same meaning to the word "husband" as that intended in the remainder of the act, and if a former husband should not be construed as being included in the section authorizing the court to require the "husband" to pay the reasonable expenses of litigation incurred by the wife in resisting his efforts to modify an alimony decree, neither would he be allowed to file an application for such modification.

The case of *Clark v. Clark,* 213 Ga. 342 (99 SE2d 127), is not in point on its facts with the present case. The expenses of litigation sought to be recovered in that case were in connection with an action for divorce, and that case did not relate to the right of the judge under *Code Ann. Supp.* § 30-223 to require the husband to pay reasonable expenses of litigation incurred by the wife in defense of his application for modification of an alimony judgment.

*Judgment affirmed in case No. 21326; reversed in case No. 21338. All the Justices concur.*