### 33340. MADDOX v. MADDOX.

MARSHALL, Justice.

The appellant and appellee in this case were formerly husband and wife, but they were divorced in 1974. The final divorce decree, which incorporated an agreement of the parties, provided that the appellant would pay the appellee $500 per month as permanent alimony. In April of 1977, the appellant commenced the present action under Code Ann. § 30-220 for a reduction in his alimony payments due to a decrease in his financial status. The trial judge withdrew the case from the jury by granting the appellee's motion for directed verdict, and following the denial of his motion for new trial, the appellant appeals. We reverse.

Under Code Ann. § 30-220, the judgment of a court providing permanent alimony is subject to revision upon a petition filed by either the husband or the wife showing a change in income and financial status of the husband. This court has held that the General Assembly intended by the enactment of this statute to allow an alimony judgment to be revised upon a change in the husband's ability to pay; and, therefore, a revision of alimony could be obtained upon showing a change in either the husband's income or financial status. *Perry v. Perry,* 213 Ga. 847 (102 SE2d 534) (1958).

The appellant concedes that his income has increased since the date of the parties' divorce. He argues, however, that the increase in income was brought about by a forced liquidation of capital assets in order to fulfill his alimony obligations to the appellee. He argues that this increase in income was more than offset by a decrease in his net worth through increased liabilities. He argues that the net effect was a decrease in his financial status impairing his ability to pay alimony and that under the evidence the jury would have been authorized to order a

reduction in alimony.

The appellee asserts various alleged inconsistencies and inaccuracies in the appellant's allegations and proof concerning his financial status. She argues that the admitted increase in his income showed that his ability to pay alimony since the date of their divorce has actually increased.

The respective arguments on behalf of the parties show both conflicts in the evidence and alternate deductions which could be drawn therefrom. It necessarily follows that the trial court erred in granting the appellee's motion for directed verdict under Code Ann. § 81A-150 (a).

*Judgment reversed. All the Justices concur.*

ARGUED MARCH 14, 1978 — DECIDED APRIL 3, 1978.

*Black & Black, Eugene C. Black, Sr.,* for appellant.
*Myers, Parks & Fennessy, Frank J. Myers,* for appellee.