## 33924. PRICE v. DAWKINS.

NICHOLS, Chief Justice.

This is an appeal from an order modifying child support. Appellant is the father of five children. In 1972 when he and appellee were divorced, he was ordered to pay $50 per week as child support. His income for that

year was $10,763. His income for the year 1977 was $24,382, although he testified that a major portion of the increase was due to overtime. The trial court increased the child support to $30 per week per child and also ordered him to pay the children's reasonable medical and dental expenses. No provision for the payment of medical expenses was included in the parties' divorce decree.

1. Appellant contends that the modification order is contrary to the evidence and is not predicated upon a substantial change in his financial condition.

"To authorize a modification it must appear that there has been a substantial change in the husband's income or in his financial status so as to warrant an upward or downward revision of alimony or child support. Code Ann. § 30-221 (Ga. L. 1955, pp. 630, 631). A trial judge's decision, on appeal to this court, will be allowed to stand if there is 'some evidence' to support his finding. [Cits.]" *Berkowitz v. Berkowitz,* 239 Ga. 1, 2 (236 SE2d 7) (1977).

The record in this case contains some evidence to support the finding of the trial court. The trial court was not in error in increasing the child support payments.

2. Appellant also contends that the order of the trial court was in error in requiring him to pay reasonable medical expenses and in making visitation rights contingent upon his being current with his child support payments.

Reasonable medical expenses unquestionably are child support. *Moody v. Moody,* 224 Ga. 13, 15 (159 SE2d 394) (1968). An order requiring payment of reasonable medical expenses may be entered in a modification proceeding, although there was no such provision in the divorce decree, because the essence of such an order is that child support merely is being increased in amount, albeit, perhaps, in an indefinite amount. *McCoy v. Pinnell,* 231 Ga. 648 (203 SE2d 529) (1974); *Ausbon v. Ausbon,* 231 Ga. 679 (203 SE2d 484) (1974). Therefore, the trial court did not abuse its discretion in this regard.

The provision of the order making the father's visitation rights contingent upon his being current with his child support payments must be stricken. The majority view is that visitation rights should not be made

to depend upon whether or not child support or alimony has been paid. 24 AmJur2d 912, Divorce and Separation, § 802; Anno. 88 ALR2d 204. This court follows the majority view. *Griffin v. Griffin,* 226 Ga. 781 (3) (177 SE2d 696) (1970). The case of *Scott v. Scott,* 154 Ga. 659 (115 SE 2) (1922), is expressly disapproved and will not be followed to the extent that it supports the order of the trial court in this regard.

The order of the trial court is affirmed with the direction that the provision causing appellant's visitation rights to depend upon his payment of child support be stricken.

*Judgment affirmed with direction. All the Justices concur.*

SUBMITTED AUGUST 11, 1978 — DECIDED SEPTEMBER 5, 1978.

*Greene, Smith & Davis, H. Darrell Greene,* for appellant.

*Snell & Bishop, Donald J. Snell,* for appellee.