## 34031. GIBSON v. GILES.

PER CURIAM.

Beverly Crozier Giles Gibson appeals from a judgment granting a reduction in the child support payments due by her former husband, Donald Arthur Giles.

In a divorce action between the parties a judgment was entered which provided, in part, that the former husband would pay $80.77 per week per child for the support of their two minor children. This judgment was based on the agreement of the parties.

The former husband sought a modification of the amount of child support, alleging a change in his income and financial status since the date of the judgment. The jury hearing the modification action found that there had been a change in the financial status of the former husband, and reduced the child support payments to $47.50 per week per child.

The former wife filed a motion for new trial, which was denied. The first error enumerated is the overruling of the general grounds of her motion for new trial.

The evidence showed that the former husband's salary of $25,000 per year as a veterinarian remained the same from the time of the alimony judgment to the time of the modification trial. Since the date of the judgment he has received nominal amounts of income from one business venture, and has lost a small amount in another business venture. He has occasionally received additional income by doing part-time work helping an electrician.

The former husband's balance sheets showed that his net worth prior to the settlement agreement was $1,582.90, and that his net worth shortly after filing the

modification petition was minus $21,788.84. It is this decrease in net worth which he relies on to obtain a modification of the child support payments.

An analysis of the balance sheets and the testimony of the former husband shows that his assets decreased because of the obligations imposed on him by the settlement agreement, which was made the judgment of the court, and his increased living expenses in furnishing a home and support for his new wife and her child. He had not had financial reverses of any kind.

A decrease in net worth caused merely by increased living expenses is not such a change in financial status as would authorize a jury to reduce the child support payments he is obligated to pay. Compare *Crawford v. Crawford,* 238 Ga. 619 (234 SE2d 529) (1977). The trial judge erred in overruling the general grounds of the motion for new trial.

Since the judgment in favor of the former husband must be reversed, it is unnecessary to deal with the other enumerated errors of the former wife.

*Judgment reversed. All the Justices concur, except Jordan, J., who dissents.*

ARGUED SEPTEMBER 19, 1978 — DECIDED NOVEMBER 21, 1978 — REHEARING DENIED DECEMBER 19, 1978.

*Westmoreland, Patterson & Moseley, Stewart R. Brown,* for appellant.
*J. Sewell Elliott,* for appellee.