## 36178. WRIGHT v. WRIGHT.

JORDAN, Presiding Justice.

Joan Meaders Wright filed a complaint requesting upward modification of the child support payments that her former husband, Aaron Lee Wright, Jr., was required to make to her as legal custodian of the couple's two minor children. (Payments of $25

per week per child were required pursuant to the parties' original divorce decree.)

Mr. Wright answered and filed a counterclaim which prayed for a downward modification of said child support payments. Following a nonjury trial, the trial court ordered Mr. Wright to pay an additional $25 per week per child to Ms. Wright as legal custodian and $350 in attorney fees to Ms. Wright's counsel. Mr. Wright appeals. We affirm.

1. The trial court found as a fact that, in 1976, the year of the divorce, Mr. Wright's gross income was $11,476.14 and that his discretionary income (gross income minus expenses including the court-ordered child support payments) was $2,666. The trial court further found that Mr. Wright's income for 1979 would be $24,674, but that, due to "increased expenses incurred *because of his new wife and child,*" Mr. Wright's discretionary income would be a *negative* $4,384.

Mr. Wright does not challenge these findings of fact; rather, he urges that said findings demonstrate that his ability to pay had worsened since the date of the original divorce decree and that consequently the trial court abused its discretion in doubling his child support payments.

Code Ann. § 30-220 provides: "The judgment of a court providing permanent alimony for the support of a child or children shall be subject to revision upon petition filed by either former spouse showing a change in the *income and financial status* of the former spouse liable for such alimony." Code Ann. § 30-221 provides: "The only issue is whether there has been such a substantial change in the *income and financial status* of the party liable for alimony in cases of permanent alimony for the support of a child or children . . . as to warrant either a downward or upward revision or modification of the permant alimony judgment."

The General Assembly intended by the enactment of these statutes to allow an alimony judgment for the support of a child to be revised upon a change in the liable former spouse's *ability to pay. Maddox v. Maddox,* 241 Ga. 118 (244 SE2d 3) (1978). Ability to pay, however, is a function of income and *recognized* expenses. See *Crawford v. Crawford,* 238 Ga. 619 (234 SE2d 529) (1977).

In *Gibson v. Giles,* 242 Ga. 720 (251 SE2d 231) (1978), where the liable former spouse's income was unchanged from the time of divorce, we held that increased expenses *resulting from said spouse's new wife and child* were "not such a change in financial status as would authorize a jury to reduce the child support payments he was obligated to pay." *Id.* at 721.

We hold here, where the liable former spouse's income has increased from the time of the divorce, that increased expenses resulting from said spouse's new wife and child will not preclude the trier of fact from exercising its discretion so as to increase the child support payments said spouse is obligated to pay.

Given the facts of the present case (an increase in Mr. Wright's gross income of $13,198 offset primarily by increased expenses arising from Mr. Wright's second marriage), we hold that the trial court did not abuse its discretion in increasing the weekly per child payments from $25 to $50.

2. Mr. Wright argues that the trial court abused its discretion under Code Ann. § 30-223 by ordering him to pay his former wife's attorney "reasonable attorney's fees [of $350.00] for the defense of the husband's counterclaim seeking a reduction in child support periodic payments."

Code Ann. § 30-223 provides that "where . . . an *application* [for modification of child support] . . . is filed by a party obligated to pay alimony, the court may require such party to pay reasonable expenses of litigation as may be incurred by such party's former spouse, either on behalf of such former spouse, or the child or children, or both, in defense thereof."

A counterclaim is an application for purposes of Code Ann. § 30-223 and will support a trial court's award of reasonable compensation for those attorney fees incurred solely in defense of the liable former spouse's counterclaim. *Spivey v. Schneider,* 234 Ga. 687 (217 SE2d 251) (1975), *Herring v. Herring,* 233 Ga. 484 (211 SE2d 893) (1975), and *Gallant v. Gallant,* 223 Ga. 397 (156 SE2d 61) (1967) are not contrary to this holding.

The trial court did not abuse its discretion.

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 25, 1980 — DECIDED JUNE 25, 1980.

*Troutman, Sanders, Lockerman & Ashmore, Charles W. Whitney, Jesse P. Schaudies, Jr.,* for appellant.
*Robert E. Flournoy, Jr.,* for appellee.