## 43875. DECKER v. DECKER.
(350 SE2d 434)

GREGORY, Justice.

Floyd Decker appeals a trial court's modification of his divorce decree ordering increased child support payments. We affirm.

Floyd and Barbara Decker were divorced in 1972. Barbara was given custody of their two children and Floyd was ordered to pay $425 monthly child support. Floyd has lived in Idaho since the divorce.

In 1985, Barbara filed a complaint against Floyd for modification of child support and contempt. Service of process was made on Floyd in Idaho under the Long Arm Statute. Floyd did not appear for a hearing on the contempt claim held in September 1985. The court found him in contempt and issued an arrest order.

On March 17, 1986, a nonjury trial on modification of child support was held. Floyd's attorney announced his client could not raise travel money and would not attend the trial. During the trial, the attorney offered into evidence Floyd's deposition taken in Idaho with both parties represented. The trial court ruled the deposition was not

admissible under OCGA § 9-11-32 (a) (3) (B) because circumstances indicated Floyd had procured his own absence. The trial court later modified the divorce decree to increase Floyd's child support payment to $1,500 per month.

This court granted Floyd's application for discretionary appeal to consider whether the trial court properly ruled his deposition inadmissible.

1. Floyd contends the trial court erred in not finding his deposition admissible pursuant to OCGA § 9-11-32 (a) (3) (B).

OCGA § 9-11-32 (a) (3) provides a party may use the deposition of a witness, whether or not a party, for any purpose if the court finds the witness is unavailable in certain circumstances. "Code Ann. § 81A-132 (a) (3) [now OCGA § 9-11-32 (a) (3)] does not leave to the trial court's discretion the question of the unavailability of a deponent. As a prerequisite to the use of a deposition of a party who is not present, there *must* be a finding by the court that one of the conditions listed in the Code section exists." *Building Assoc. v. Crider*, 141 Ga. App. 825, 829 (234 SE2d 666) (1977); see also *Matthews v. Taylor*, 155 Ga. App. 2 (1) (270 SE2d 247) (1980).

Floyd contends he established his unavailability for trial under OCGA § 9-11-32 (a) (3) (B): "That the witness is out of the county, unless it appears the absence of the witness was procured by the party offering the deposition; . . ." Floyd points out that he has lived in Idaho since 1972 and has not been in Georgia since his wife filed this action. He contends his attorney's statement concerning his financial inability to travel to Georgia is sufficient to establish his unavailability to attend the trial, and that the trial court erred in finding he has procured his own absence.

Although Floyd's attorney contended his client could not afford to travel, the trial court noted that he had hired counsel to represent him. There also was testimony by Mrs. Decker that Floyd had in the past told her he had ways to make it extremely difficult for her to modify the divorce decree in Georgia. Finally, as Mrs. Decker points out, a warrant for Floyd's arrest in Georgia in connection with the earlier contempt citation is still pending.

Since the evidence was in conflict, the trial court's factual determination on this issue was not clearly erroneous and will not be set aside on appeal. OCGA § 9-11-52 (a).

2. Floyd contends the trial court erred in increasing his child support payments because of insufficient evidence of his present financial situation. He points out that in order to determine whether a change in the financial condition of a parent justifies modification, the trial court must compare the financial status at the time of the original decree with the financial status at the time of the trial. *Marsh v. Marsh*, 243 Ga. 742 (256 SE2d 442) (1979); *Gallant v. Gallant*, 223

Ga. 397 (156 SE2d 61) (1967). He contends that as a result of the exclusion of his deposition there was no evidence before the court of his financial status at the time of trial. He argues the judge based his decision on information concerning his financial condition prior to the time of the trial, and in particular on information contained in a bankruptcy petition filed in December 1984, concerning his income.

However, the trial court's order indicates a comparison was made between Floyd's financial status at the time of the divorce and his financial status at the time of the trial, based on the admissible evidence before the court. In determining a change of the financial condition of a parent, the court should consider every relevant fact whether it is derived from direct or indirect evidence. *Gallant v. Gallant*, supra at 399. The court found at the time of the divorce, Floyd's income was $18,700 per year. By the time of the 1984 bankruptcy petition, his income had risen to $48,000 annually. While the judge did not have an exact salary figure at the time of the trial, there was unrebutted evidence that Floyd had been working for the same employer for the past four or five years. Also, Mrs. Decker testified Floyd's salary was approximately $4,000 per month three months before this action was commenced.

A trial court's decision on whether a substantial change in the parent's income authorizes an upward or downward revision of child support will be allowed to stand on appeal if there is "some evidence" to support his finding. *Berkowitz v. Berkowitz*, 239 Ga. 1, 2 (236 SE2d 7) (1977); *Price v. Dawkins*, 242 Ga. 41 (1) (247 SE2d 844) (1978). The record in this case contains some evidence to support the trial court's finding, and will not be disturbed on appeal.

*Judgment affirmed. Marshall, C. J., Clarke, P. J., Smith, Bell and Hunt, JJ., and Judge Homer M. Stark concur. Weltner, J., disqualified.*

DECIDED DECEMBER 2, 1986.

*McGee & Oxford, P. Joseph McGee, Eugene P. Chambers III,* for appellant.

*Jack P. Turner,* for appellee.