S94A1232. MILLER v. TASHIE.
(454 SE2d 498)

BENHAM, Presiding Justice.

When the parties were divorced, appellee-mother was awarded custody of the one minor child of the parties and appellant-father was ordered to pay a total of $6,400 per year in child support. Since that time, these changes have occurred: both parties have remarried; appellant has fathered two more children and has undertaken custody of his child from a marriage preceding his marriage to appellee; and appellant's gross annual income has increased by $7,738. Based on those changes, appellant sought a downward modification of his support obligation to the child of his marriage to appellee. The trial court dismissed appellant's petition, holding, in essence, that the increase

in appellant's gross income was an absolute bar to modification and that appellant's additional support obligations were not factors which could be considered in determining whether there had been a change in his financial status. Concluding that both those rulings are too broad, we reverse.

1. With regard to the trial court's holding that an increase in the petitioning parent's income is an absolute bar to modification, we note first the general rule that "either parent may seek modification of support based on a change in either of their financial circumstances. . . ." *Allen v. Ga. Dept. of Human Resources*, 262 Ga. 521, 524 (423 SE2d 383) (1992). Nothing in either the statute or the case law limits the right to seek modification to an obligor parent whose income has decreased. OCGA § 19-6-19 "allows revision if the petitioning former spouse shows a change in the income and financial status of either former spouse or in the needs of the child or children." *Conley v. Conley*, 259 Ga. 68 (4) (377 SE2d 663) (1989). Appellee's reliance on *Wright v. Wright*, 246 Ga. 81 (1) (268 SE2d 666) (1980), is misplaced: that case holds only that the trial court did not abuse its discretion in increasing the support obligation of a parent whose income had increased, notwithstanding that the obligor-parent's expenses had increased.[1] There was no holding there that an increase in income would bar a petition for modification or even that such an increase would absolutely preclude a trial court's conclusion that the financial status of the obligor parent had changed in such a way as to warrant reconsideration of the amount of the support obligation. We hold, therefore, that dismissal of the petition on the ground that an increase in appellant's income barred the petition was error.

2. The trial court held that appellant's increased responsibility for the support of children other than the one involved in this case did not constitute a change in his financial status. Appellant and appellee have focused on the issue of whether the factors listed in OCGA § 19-6-15 (c) (6) as authorizing variation from guideline amounts require that the trial court take into account obligations to support other children. We look instead to the plain language of OCGA § 19-6-19 (a):

> The judgment of a court providing permanent alimony for the support of a child or children . . . shall be subject to revision upon petition filed by either former spouse showing *a*

---

[1] In citing to and quoting from *Gibson v. Giles*, 242 Ga. 720 (251 SE2d 231) (1978), in *Wright*, this court was drawing a distinction between different types of expenses, some of which would be recognized as affecting ability to pay and some of which would not. The increased expense which this court would not recognize in *Gibson* was the support of the obligor-parent's new spouse and the new spouse's child, apparently not a child of the obligor parent.

*change in the income and financial status* of either former spouse or in the needs of the child or children.

(Emphasis supplied.) The statute requires only a showing of "a change in the income and financial status" of either parent.[2] "In determining a change of the financial condition of a parent, the court should consider every relevant fact. . . . [Cit.]" *Decker v. Decker*, 256 Ga. 513 (2) (350 SE2d 434) (1986).

The proper scope of the trial court's consideration in this case was whether there had been, as alleged by appellant, such a change in the financial status of each parent as would support a reconsideration of the level of appellant's obligation to provide financial support for the parties' child. Focusing solely on the fact that appellant's gross income has increased since the initial child support award was error.

*Judgment reversed. All the Justices concur.*

DECIDED MARCH 13, 1995.

*Whitehurst, Cohen & Blackburn, R. Bruce Warren,* for appellant.

*Altman, Lane & Lilly, Harry J. Altman II, V. Gail Lane,* for appellee.

---

[2] This court has made clear that the petitioner need not show a change in both income and financial status, but merely a change in either.

> [T]he legislature did not intend to require a showing of a change in both "income and financial status," but rather a change in the [parents'] income "or" financial status. Clearly, what the legislature did intend was that the original judgment could be revised upon a change in the [obligor-parent]'s ability to pay, and there might be a change in [that] ability to pay by reason of a change in . . . financial status without any actual change in . . . income.

*Perry v. Perry*, 213 Ga. 847 (102 SE2d 534) (1958).