S06A0693, S06X0694. FACEY v. FACEY; and vice versa.
(638 SE2d 273)

HINES, Justice.
This appeal and cross-appeal arise from an order addressing both Gail Facey's ("Ms. Facey") petition for a finding that Brook Facey

---

("Mr. Facey") was in contempt of the parties' divorce decree, and Mr. Facey's petition for a change in primary physical custody. For the reasons that follow, we affirm both the appeal and the cross-appeal.

The parties were divorced in 2000. There were three minor children as a result of the marriage, born in 1994, 1997, and 1998. The final judgment and decree of divorce awarded the parties joint legal custody of all three children, with primary physical custody to Ms. Facey. Mr. Facey was to pay child support, set at $1,197.92 a month for the three children, based on 25% of his annual income of $57,500; future payments were to be made by calculating 25% of his gross annual income.[1]

In civil action D2001-371, on April 17, 2001, Ms. Facey filed a petition to hold Mr. Facey in contempt for, inter alia, failing to provide required income documentation and for unilaterally reducing his child support payments without seeking a modification of the decree. On September 9, 2002, in civil action D2002-944, Mr. Facey filed a petition for change of primary physical custody from Ms. Facey to himself, and also sought that she be ordered to pay child support, asserting changed circumstances that materially affected the welfare of the children. The actions were consolidated on December 5, 2002, the court held a final hearing on March 30, 2003, and issued a single order. The trial court modified the divorce decree as to child support, set a new monthly payment of $612.50, and declared "[t]his shall be a fixed amount and the provisions for the yearly adjustment for child support as provided in the parties' divorce decree shall no longer be applicable."

The parties raise some similar issues, which will be addressed together.

### Case Nos. S06A0693 & S06X0694

1. In each appeal, the appellant asserts that the trial court abused its discretion in conducting the final hearing by taking most testimony only by deposition, and restricting the amount of time that each party could testify. See OCGA § 9-11-32 (a) (4). However, the record is devoid of either party objecting to the court's announced procedure for conducting the final hearing, either at the hearing or in response to the court's written orders setting forth the process. Thus, review of any error is waived; a party cannot ignore during trial that which he or she thinks to be error, take a chance on a favorable

---

[1] Mr. Facey is a self-employed photographer.

outcome, and complain later. *Rowe v. State*, 266 Ga. 136, 137 (2) (464 SE2d 811) (1996); *Bolden v. Carroll*, 239 Ga. 188 (1) (236 SE2d 270) (1977).

2. Mr. Facey contends that the trial court erred in modifying child support in a contempt action, referring to Ms. Facey's complaint in civil action D2001-371. See *Boyett v. Wester*, 265 Ga. 387 (456 SE2d 504) (1995). Ms. Facey contends that the trial court erred in modifying child support without a separate petition being brought under OCGA § 19-6-19. Neither party is correct. In civil action D2002-944, Mr. Facey pled for a change of primary physical custody of the children from Ms. Facey to himself, with a corresponding change in child support. While the court's order did not grant all that Mr. Facey wanted, the request for a change in custody embraced the court granting a change in visitation. "A change in visitation amounts to a change in custody in legal contemplation since visitation rights (sometimes called visitation privileges) are a part of custody." *Nodvin v. Nodvin*, 235 Ga. 708 (221 SE2d 404) (1975). See also *Atkins v. Zachary*, 243 Ga. 453, 453 (254 SE2d 837) (1979). Mr. Facey's petition prayed for a modification of the decree as to child support and also prayed for a change in custody, and met the requirements of OCGA § 19-6-19 (a).

## *Case No. S06A0693*

3. The trial court continued the divorce decree's arrangement of joint legal custody, with primary physical custody awarded to Ms. Facey. Mr. Facey's visitation was expanded; under the decree he had visitation during the school year of essentially two weekends a month. This was modified to one week a month, as well as one weekend each month, and every Wednesday after school. Under the decree, Mr. Facey had visitation during the summer vacation period for a total of four weeks, either in one block or two blocks of two weeks; this was modified to alternating weeks during the summer. Nonetheless, Mr. Facey contends that this arrangement is not in the best interests of the children, and that a year-round schedule of alternating weeks with each parent would be. However, *Baldwin v. Baldwin*, 265 Ga. 465 (458 SE2d 126) (1995), does not mandate such an arrangement, and Mr. Facey does not point to any evidence that indicates that the trial court abused its discretion in determining that such an arrangement during the school year would be in the best interests of the children. See *Welch v. Welch*, 277 Ga. 808 (596 SE2d 134) (2004).

4. Although he requested a modification of child support, Mr. Facey now contends that the trial court did not make the required findings under OCGA § 19-6-19 to authorize a change from the child

support provisions of the original decree. This is incorrect. The court found that Mr. Facey's income had decreased significantly since the decree, which supports a downward modification. See *Miller v. Tashie*, 265 Ga. 147, 149 (2) (454 SE2d 498) (1995).

5. Mr. Facey asserts that the trial court's factual findings on child support arrearages were not based upon fact. After a bench trial, the court ordered in the final divorce decree that Mr. Facey pay $1,197.92 in child support each month, representing 25% of his $57,500 annual income in 2000. The decree also provided that his future obligations would reflect 25% of his gross income, and that he would provide Ms. Facey documentation of his income annually.

The court's factual findings were that Mr. Facey's annual income for 2001 was $35,000, and $45,000 for 2002, and the court determined an income of $45,000 for 2003. The court thus determined that Mr. Facey's total arrearage for child support was $9,079.70, and set current child support at $612.50 per month, finding the special condition of extended visitation.[2] The court's order also states that "clothing, school allowances, Cub Scout dues, whatever, uniforms . . . any fees [schools] charge . . . baseball uniforms" would be paid by each parent on an annual rotation, starting with Ms. Facey.

An accountant testified that, after reviewing Mr. Facey's business and personal financial records, he calculated Mr. Facey's 2001 income as $48,289, and his 2002 income as $51,628, based upon a cash flow method. The accountant noted that Mr. Facey's decisions about certain tax deductions and discretionary business expenses, and how those decisions were considered by the court,[3] would affect the calculations. At the final hearing, the court heard considerable argument concerning Mr. Facey's purchases of business equipment and how those purchases should be factored into his income, as well as argument regarding sizeable charitable contributions. Mr. Facey's business tax return for 2001 showed a gross profit of $66,813, on receipts of $96,643; his 2002 return showed a gross profit of $71,099 on receipts of $93,258. Mr. Facey's individual income tax returns showed total income of $28,476 for 2001, and $34,292 for 2002. The trial court sits as finder of fact and the determination of income frequently involves resolving conflicts in evidence. See *Franz v. Franz*, 268 Ga. 465, 465-466 (1) (490 SE2d 377) (1997). The evidence supported the court's findings.

---

[2] Calculating child support on the basis of 25% of an annual income of $45,000 would yield a monthly payment of $937.50.

[3] The accountant testified that he did not know the legal method for calculating income for purposes of child support, and consequently gave fairly detailed information to the court to allow the court to make the proper decision.

Mr. Facey also contends that the requirement that he pay for clothing, uniforms, school fees, and similar items is vague and in an indefinite amount. The inherent uncertainty of the future expenses of the children does not, at the time of the award, show that the award departs from the statutory guidelines. See *Moon v. Moon*, 277 Ga. 375, 377-378 (5) (589 SE2d 76) (2003).

### Case No. S06X0694

6. Ms. Facey contends that the divorce decree's language providing for an automatic annual recalculation of Mr. Facey's child support obligations either was invalid, see *Newsome v. Newsome*, 237 Ga. 221 (227 SE2d 347) (1976) and *Worrell v. Worrell*, 242 Ga. 44, 46 (247 SE2d 847) (1978), or should be considered merely surplusage, and should not have been used to compute Mr. Facey's arrearages. Thus, Ms. Facey contends that the court should have computed arrearages based on the monthly amount of $1,197.92, set forth in the decree as Mr. Facey's monthly obligation for 2000, without any recalculation for income changes in later years.

The language that Ms. Facey contends is invalid is in the divorce decree of 2000. She did not attempt an appeal from the decree or move to set it aside. See *Collins v. Billow*, 277 Ga. 604, 605 (2) (592 SE2d 843) (2004). A judgment is not void so long as it was entered by a court of competent jurisdiction, and "may be attacked only by direct appeal or by motion to set aside the judgment." Id. Accordingly, no error is shown in the trial court's calculations of arrearages under the decree, or in its failure to hold Mr. Facey in wilful contempt of the decree's support provision for failing to pay the monthly amount of $1,197.92 for each month since the issuance of the decree.

7. Ms. Facey contends that the trial court impermissibly attempted to retain jurisdiction over the case by requiring that the parties follow an established mechanism to resolve disputes concerning the children, and by alternating annual expenses such as the costs of uniforms. However, the court's order establishes permanent awards and does not attempt to retain jurisdiction. See *Wrightson v. Wrightson*, 266 Ga. 493, 495 (2) (467 SE2d 578) (1996). Ms. Facey notes that the court ordered that it be given a "status report" when the eldest child reaches the age of 18, but this does not alter the fact that the order resolves custody of all children and makes permanent awards; nothing in the language of the "status report" provision provides that the court can issue a modification of custody, visitation, or child support without a petition being properly filed by one of the parties. See OCGA §§ 19-6-19; 19-9-23.

*Judgments affirmed. All the Justices concur, except Hunstein, P. J., who concurs in the judgments only.*

DECIDED NOVEMBER 27, 2006 —
RECONSIDERATION DENIED DECEMBER 15, 2006.

*Catherine V. Ryan*, for appellant.
*Tucker, Everitt, Long, Brewton & Lanier, John B. Long*, for appellee.