### S09F1706. BANKSTON v. LACHMAN.
(689 SE2d 301)

THOMPSON, Justice.

Husband and wife separated in early 2008, and husband sued for divorce. There is one child, a girl, as issue of the marriage, born on October 31, 2007. The trial court awarded primary physical custody of the child to wife and secondary physical custody to husband. It awarded parenting time to husband for four hours each weekend until the child begins kindergarten full time, and thereafter, husband can have visitation every other weekend from 6:00 p.m. Friday until 6:00 p.m. Sunday, and holidays pursuant to a set schedule. Additionally, the court awarded husband summer visitation for a total of two weeks in one-week increments. When the child is seven years old, husband will have summer visitation for four weeks in two-week increments. As for child support, the court found that husband earns $1,680 per month as a security guard; that he pays child support of $275 for a child from a previous marriage; and that, based on his employment history,[1] husband is capable of earning more than he

---

[1] Husband was discharged from the U. S. Navy for reasons of hardship – his wife had a difficult pregnancy and she needed his support at home. At the time of his discharge, husband was earning $3,000 per month. Wife testified that, following husband's discharge, he did not provide the support she needed.

currently earns. The court imputed income to husband in the amount of $2,500 per month for the first four months following the entry of the final decree and $3,000 per month thereafter. It ordered husband to pay child support in the amount of $605 per month for the first four months following the entry of the decree and $697 per month thereafter. Thereafter, husband sought, and this Court granted, discretionary review pursuant to the pilot project for family law cases. *Wright v. Wright*, 277 Ga. 133 (587 SE2d 600) (2003).

1. The trial court denied husband's request for overnight visitation.[2] Instead, the court awarded visitation which, at this time, consists of only one four-hour period a week. In so doing, the trial court explained that it believed young children should not spend long periods or weekends with non-custodial parents. The court elaborated:

> [B]ased on everything I have read and talked to about child development experts, until a child starts going to school full time ... they are not developmentally and emotionally ready to be spending a lot of time away from their primary residence and the primary person to whom they have bonded, particularly a child of this age.

Husband asserts the trial court erred in refusing to award additional visitation. In this regard, husband argues that the trial court is out of sync with current opinion about the need to establish a firm parental bond between a child and his or her non-custodial parent. Husband points to two models, one published by the ABA, another by the Family Court Project of the Indiana Supreme Court, which recommend that children have more visitation time, including overnight visits, with non-custodial parents, beginning at an early age, and increasing as the child grows older. These models are attached to husband's brief on appeal. However, the record does not reflect that these models were presented to the trial court; nor does it show that trial counsel made the argument which husband asserts on appeal.[3] See *Turner v. Harper*, 233 Ga. 483 (211 SE2d 742) (1975) (grounds argued in brief but not raised in trial court cannot be reviewed on appeal). Moreover, husband has pointed to no evidence which would lead us to conclude that the trial court abused its discretion in setting the visitation schedule. See *Facey v. Facey*, 281 Ga. 367, 369 (3) (638 SE2d 273) (2006).

2. Husband asserts the trial court erred in imputing income to

---

[2] During the parties' separation, husband occasionally did care for the child overnight.

[3] Husband retained new counsel to pursue this appeal.

husband because it did not ascertain the reasons husband was earning less than the court thought he should earn. OCGA § 19-6-15 (f) (4) (D). In this regard, husband correctly notes that the mere fact that earning potential exceeds actual earnings, is not enough to impute income.

OCGA § 19-6-15 (f) (4) (D) does not require a trial court to make *written findings* as to why it decided to impute income to a spouse. It merely directs "the court or the jury [to] ascertain the reasons for the parent's occupational choices and assess the reasonableness of these choices in light of the parent's responsibility to support his or her child and whether such choices benefit the child." Compare OCGA § 19-6-15 (i) (1) (B) (court or jury shall make written findings when deviating from the presumptive amount of child support).

It cannot be said that the trial court did not ascertain the reasonableness of husband's occupational choice simply because it did not make explicit findings in that respect. This enumeration of error is without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 1, 2010.

*David A. Webster*, for appellant.
Aretha Lachman, *pro se*.