## 74326. STEELE v. COLBERT.
(356 SE2d 736)

McMURRAY, Presiding Judge.

Plaintiff appeals from the dismissal of her action against defendant. The trial court had previously ordered "that Plaintiff shall have Fifteen (15) days from the date of this Order to fully and unequivocally answer Defendant's interrogatories which were served on Plaintiff on the 3rd day of April, 1986, otherwise Plaintiff's Complaint shall be dismissed without any further action." *Held*:

This case is controlled by *Maxey v. Covington*, 126 Ga. App. 197 (190 SE2d 448), wherein we made it clear that a prospective, self-executing order cannot be used by a trial court to invoke the drastic sanction of dismissal under former Code Ann. § 81A-137, now OCGA § 9-11-37. Accord *Serwitz v. Gen. Elec. Credit Corp.*, 174 Ga. App. 747 (331 SE2d 95). As we said, "[a] court cannot assume that a future failure [to comply with discovery orders] will be unjustifiable. It must examine the circumstances retrospectively. This means affording an opportunity to explain the circumstances following the failure; which means, in turn, an express motion and notice to the party concerned." *Maxey v. Covington*, 126 Ga. App. 197, supra at 199.

The trial court erred by dismissing plaintiff's complaint on account of plaintiff's failure to comply with the trial court's order compelling answers to interrogatories without affording plaintiff a hearing and an opportunity to explain the circumstances, following the failure.

*Judgment reversed. Sognier and Beasley, JJ., concur.*

DECIDED APRIL 20, 1987.

*Jack O. Morse*, for appellant.
*Christopher D. Parker*, for appellee.