## S98A0813. HUGHES v. DEPARTMENT OF HUMAN RESOURCES et al.
### (502 SE2d 233)

FLETCHER, Presiding Justice.

We granted Joel Thomas Hughes' application for discretionary appeal to consider whether the trial court abused its discretion by continuing his incarceration for civil contempt. Because the trial court found Hughes guilty of civil contempt and the uncontroverted evidence demonstrates that Hughes is unable to purge himself, we reverse.

The Georgia Department of Human Resources filed a petition for contempt against Hughes for his failure to pay child support. The trial court found Hughes in willful contempt for failing to make payments of $100.00 per week and that his arrearage totaled over $31,000.00. The trial court ordered Hughes incarcerated, but provided that Hughes could purge himself by paying $19,860.10 and $85.00 in court costs.

Almost two months later, Hughes filed a petition for release from incarceration, alleging that he did not have funds or property with which to pay the amount required. At a hearing on his petition, the evidence showed that Hughes had no money or property. Before his incarceration he had employment paying $10.00 per hour and his employer offered to pay $500.00 towards the arrearage if Hughes were released. The trial court found that Hughes had no means by which to pay the arrearage, but that incarceration was warranted because Hughes had allowed his support obligation to accrue for six years.

1. A party who has failed to pay support under a court order when he has the ability to pay may be found guilty of civil or criminal contempt and incarcerated under either.[1] When the trial court orders incarceration for an indefinite period until the performance of a specified act, the contempt is civil.[2] Because the trial court ordered Hughes' incarceration until he paid $19,945.10, the contempt in this case was civil in nature.

2. A trial court, however, may not continue incarceration for civil contempt when the respondent lacks the ability to purge himself.[3] Imprisonment under civil sanctions is always conditional and a party found in contempt may apply for release at any time upon a showing of inability to pay.[4] As we have long held, "[t]he moment it appears

---

[1] *Ensley v. Ensley*, 239 Ga. 860, 864 (238 SE2d 920) (1977); O.C.G.A. § 15-6-8 (5).
[2] *Ensley*, 239 Ga. at 861-862.
[3] *Poole v. Wright*, 188 Ga. 255, 258 (3 SE2d 731) (1939).
[4] *Carlton v. Carlton*, 44 Ga. 216, 220 (1871); see also Dan E. McConaughey, *Georgia Divorce, Alimony and Child Custody*, § 14-6 (1997).

that there is *inability*, it would clearly be the duty of the judge to discharge the party."[5] Because the purpose of civil contempt is to provide a remedy and to obtain compliance with the trial court's orders,[6] the justification for imprisonment is lost when that compliance is impossible. The trial court found and DHR admits that Hughes lacks the ability to purge himself because he lacks money and property and his only source of income is manual labor. Under these circumstances, the trial court abused its discretion in continuing Hughes' incarceration for civil contempt.

*Judgment reversed. All the Justices concur.*

HUNSTEIN, Justice, concurring.

While I concur fully with the majority opinion, I write in order to call attention to OCGA § 15-1-4 (c), which authorizes a trial court to sentence those gainfully-employed persons found in contempt of an order to pay court-ordered alimony or child support to a term of confinement in a diversion center and participation in a diversion program. A contemnor so sentenced can travel to and from work and continue his occupation (with his income subject to the provisions of OCGA §§ 19-6-30 through 33) but the contemnor is otherwise confined during the term of the sentence. See OCGA § 42-8-130. Although the record in this case fails to reflect whether such a program has been established in Rockdale County so as to make it an alternative available to the trial court here, OCGA § 15-1-4 (c) provides an innovative sentencing option that can enable trial courts to enforce their judgments while avoiding the situation that arose in this case.

DECIDED JULY 13, 1998.

*David A. LaMalva,* for appellant.
*Thurbert E. Baker, Attorney General, William C. Joy, Senior Assistant Attorney General, Katherine S. Davis, Assistant Attorney General, Shirley Champa,* for appellees.

---

[5] *Carlton,* 44 Ga. at 220.
[6] *Ensley,* 239 Ga. at 861.