A06A2305. HARRELL et al. v. FEDERAL NATIONAL PAYABLES, INC.

(643 SE2d 875)

BARNES, Chief Judge.

Deborah and Melton Harrell appeal the trial court's orders finding them in contempt and ordering their incarceration for failing to comply with post-judgment discovery. They contend that the trial court erred by entering a "self-executing order of contempt" without allowing them basic due process of notice and a hearing, with terms that were too indefinite and uncertain to enforce. For the reasons that follow, we reverse the trial court's orders of incarceration and remand for further proceedings.

The Harrells guaranteed the debts of a company which failed to pay the indebtedness to Federal National Payables, Inc. (FNP). FNP sued the Harrells to collect the debt, and in February 2002, the trial court granted FNP summary judgment as to liability and later granted summary judgment as to damages. In *Harrell v. Fed. Nat. Payables*, 264 Ga. App. 501 (591 SE2d 374) (2003), this court affirmed the liability judgment but reversed the damages judgment and remanded the case for further proceedings. After remand, FNP again moved for summary judgment on damages, which the trial court granted in October 2004, awarding FNP more than $4.2 million. The Harrells appealed, and in an unpublished opinion, this court affirmed the damages judgment. *Harrell v. Fed. Nat. Payables*, Case No. A05A0764 (decided May 17, 2005).

FNP then began its post-judgment discovery, serving interrogatories and requests for production of documents on both of the Harrells, asking them in each case to identify the location and contents of any requested documents that they no longer had within their possession or control. The Harrells objected to the interrogatories as exceeding the 50-question limit and did not answer them, and

objected to each document request while agreeing to provide responsive documents subject to the objections.

FNP moved to compel responses to its interrogatories and for sanctions in July 2005, and moved to compel responses to its request for documents and for sanctions in September 2005. In October 2005, the trial court granted the Harrells' motion to limit the number of interrogatories to 50, and ordered them to respond to the first 50 questions by October 28, 2005. On December 1, 2005, the trial court granted FNP's motion to compel the production of documents, finding the Harrells' responses to be "evasive, incomplete and insufficient" and ordering the documents produced in 15 days along with a summary of the contents of documents no longer in their possession and an explanation of what happened to each one.

The Harrells served their amended interrogatory answers on October 28, 2005 and their amended responses to the request for documents on December 16, 2005. Unsatisfied with these responses, FNP filed a motion for contempt in January 2006. The trial court apparently held a hearing, although no transcript appears in the record, and issued a written order on February 28, 2006, finding the Harrells in contempt for having wilfully violated its previous orders directing them to respond to FNP's questions and production requests. The court further held that the Harrells could purge themselves of their contempt by filing "full and complete" discovery responses by March 13, 2006 in accordance with the terms of its previous orders. If they did not "comply in full with this Order," the court instructed FNP to submit an affidavit detailing the manner of their failure to comply. Upon its independent review of the affidavit and verification of the Harrells' noncompliance, the court would issue arrest warrants and the Harrells would be held in the county jail until they purged themselves of the contempt.

The Harrells submitted responses and documents to FNP by the deadline. The documents included "tens of thousands of pages," according to the Harrells, a number that FNP does not challenge. Two months later, on May 10, 2006, FNP sent a draft of its proposed affidavit to the Harrells outlining its reasons for concluding that the Harrells had failed to comply with the trial court's contempt order. The next morning, on May 11, it filed the 60-page affidavit with the trial court, and that afternoon the court signed the Harrells' arrest warrants. On May 12, 2006, the Harrells filed their application for supersedeas and notice of appeal. The trial court granted the supersedeas bond.

1. FNP moved to dismiss this appeal, arguing that this court has no jurisdiction to hear the appeal because the Harrells failed to appeal the February 28, 2006 contempt order within 30 days. We denied the motion, and FNP has renewed its argument, contending

that the February 28, 2006 order was the adjudication of contempt, and the May 11, 2006 incarceration orders were simply the consequences of the Harrells' contempt. The February 28 order was indeed a contempt finding, which the Harrells could have appealed directly, as clarified in *Hamilton Capital Group v. Equifax Credit Information Svcs.*, 266 Ga. App. 1, 3 (1) (596 SE2d 656) (2004). Before *Hamilton*, some cases held that such an order was interlocutory until the punishment was actually imposed, and dismissed the direct appeals, but we held in *Hamilton* that "the better approach" was to allow direct appeals from orders of contempt even if the contemnor was given the opportunity to purge the contempt. Id.

But the fact that the Harrells could have directly appealed that order does not foreclose them from appealing the subsequent order of incarceration. As is evident by the discussion and cases cited in *Hamilton*, this court has jurisdiction to hear appeals filed after punishment is imposed pursuant to a contempt order. And because we have jurisdiction to consider the incarceration order, any other nonfinal rulings entered in the case may also be raised as part of such a direct appeal. OCGA § 5-6-34 (d); see *Southeast Ceramics v. Klem*, 246 Ga. 294, 295 (1) (271 SE2d 199) (1980). Thus we have jurisdiction to consider the orders of incarceration and the earlier contempt order.

2. The Harrells contend that the trial court erred in entering an order of contempt which is "self-executing on its face and which acts prospectively to automatically sanction" them. An order that imposes future sanctions on a party unless he complies with the terms of the order within a certain length of time is "an impermissible prospective, self-executing order of dismissal." *Tenet Healthcare Corp. v. Louisiana Forum Corp.*, 273 Ga. 206, 212 (3) (538 SE2d 441) (2000).

A prospective, self-executing order that automatically dismisses a case cannot be issued by a trial court when granting the motion to compel because a court cannot assume that a future failure to comply with discovery orders will be unjustifiable. It must examine the circumstances retrospectively. This means affording an opportunity to explain the circumstances following the failure; which means, in turn, an express motion and notice to the party concerned.

Id. at 211. The trial court in this case issued two orders, one finding the Harrells in contempt and another finding that the Harrells failed to purge themselves of contempt. Thus, the contempt order in this case was not self-executing. *Vining v. Kimoto USA*, 209 Ga. App. 296, 297 (1) (433 SE2d 342) (1993).

3. The Harrells assert that the trial court erred by entering orders of incarceration "without independently verifying the existence of a continuing contempt and without opportunity for notice or hearing," in violation of their due process rights. FNP argues in response that the Harrells waived this argument because they took no action to respond to the company's 25-page, 95-paragraph order between the time the affidavit was filed and the incarceration orders were signed, which was approximately five hours, or between the time they received the draft affidavit and the final affidavit was filed, which was less than a day. The company also contends that the trial court's incarceration order was not another finding of contempt requiring another notice and hearing, and that the trial court could have incarcerated them after the first hearing instead of giving them an opportunity to purge themselves first.

> The defenses to both civil and criminal contempt are that the order was not sufficiently definite and certain, was not violated, or that the violation was not wilful (e.g., inability to pay or comply). If there is any evidence in the record to support a trial judge's determination that a party either has or has not wilfully disobeyed the trial court's order, the decision of the trial court will be affirmed on appeal. The question of whether a contempt has occurred is for the trial court, and its determination will be overturned only if there has been a gross abuse of discretion.

(Citations and punctuation omitted.) *Hamilton Capital Group v. Equifax,* supra, 266 Ga. App. at 3-4 (2). The Harrells contend that they fully responded to the discovery requests and had no reason to think otherwise for two months, until receiving FNP's lengthy affidavit to which they had no opportunity to respond.

Orders of incarceration are subject to the basic due process requirements for findings of contempt, including notice and a right to be heard. *Maples v. Seeliger,* 165 Ga. App. 201, 202 (1) (299 SE2d 906) (1983). Even the sanction of dismissing a complaint for failing "to fully and unequivocally answer Defendant's interrogatories" cannot be imposed "without affording the plaintiff a hearing and an opportunity to explain the circumstances, following the failure." *Steele v. Colbert,* 182 Ga. App. 680 (356 SE2d 736) (1987).

While in some instances we have held that a trial court need not hold an additional hearing before imposing sanctions after it has adjudicated a party in contempt, those cases involved either a fixed monetary amount or a total failure to respond to discovery. See *Floyd v. Floyd,* 247 Ga. 551, 553 (2) (277 SE2d 658) (1981) (past-due child support); *Hamilton Capital Group v. Equifax,* supra, 266 Ga. App. at

4 (2) (failure to comply with TRO); *Vining v. Kimoto*, supra, 209 Ga. App. at 297 (2) (total failure to respond after contempt order issued justified dismissing complaint). But orders providing that if visitation is denied or future support payments become past due then the debtor would be incarcerated without a hearing are not permissible, because in those cases the respondent would have no opportunity to respond. *Roehl v. O'Keefe*, 243 Ga. 696, 697 (3) (256 SE2d 375) (1979); *Mitchell v. Koopu*, 242 Ga. 506 (1) (249 SE2d 210) (1978).

We affirmed a trial court's order of incarceration following an order of contempt for failure to respond to discovery requests when the contemnor was afforded a hearing, finding no abuse of discretion, in *Cook v. Rowland*, 221 Ga. App. 835, 836-837 (1) (472 SE2d 444) (1996). Similarly, we have affirmed orders of incarceration when a defendant responded to orders to compel discovery with some but not all documents, but only after the trial court made findings of fact after holding a hearing. *Blake v. Spears*, 254 Ga. App. 21, 23-24 (3) (561 SE2d 173) (2002); *Joel v. Duet Holdings*, 181 Ga. App. 705 (353 SE2d 548) (1987).

FNP contends that the contempt order is valid because the trial court must "verify" FNP's affidavit of noncompliance before issuing the incarceration orders. But this provision does not afford the Harrells notice and an opportunity to respond to the affidavit, which is required before the trial court may determine that they did not comply, or wilfully failed to comply, and order them incarcerated. Whether a respondent who tendered tens of thousands of pages made "full and complete" discovery responses is not a yes-or-no question, as evidenced by FNP's lengthy affidavit detailing its position that the responses were incomplete. Finding that no response was made after a response was ordered is straightforward and may not require a hearing; finding that insufficient responses were made despite voluminous document production is not straightforward, and notice and a hearing is required before the court may order the parties incarcerated.

In this case, the Harrells had no opportunity to respond to FNP's affidavit and make a showing that the order was not violated or that any violation was not wilful. FNP's argument that the Harrells waived their due process argument because they had "virtually the better part of a day (and arguably longer, given their prior day's notice)" to respond to the affidavit is not reasonable. Accordingly, we must reverse the trial court's order of incarceration and remand for further proceedings not inconsistent with this opinion.

4. Finally, the Harrells contend that the trial court's contempt and discovery orders are too indefinite and uncertain to be enforced, because they thought they had complied by delivering additional responses and tens of thousands of pages of documents, but were

ordered incarcerated two months later for failing to comply. Their argument is not with the order itself, but rather with the response of FNP and the trial court to its purported compliance with the order. The requirement that they provide "full and complete" discovery responses by a particular date is not indefinite or uncertain.

*Judgment reversed and case remanded. Andrews, P. J., and Bernes, J., concur.*

DECIDED MARCH 21, 2007.

*Schreeder, Wheeler & Flint, Nathan M. Wheat, John A. Christy,* for appellants.

*Alston & Bird, Candace N. Smith, Patrick R. Costello,* for appellee.