## A07A0471. GALLAHER v. BREAUX.
(650 SE2d 313)

ADAMS, Judge.

Richard Sean Gallaher appeals from the trial court's orders directing him to pay $24,709.96 in back child support, finding him in wilful civil contempt, sentencing him to incarceration and later placing him into a work release program, where his earnings were withheld in payment of child support arrearages. We reverse.

This matter began as a complaint for domestication of a foreign judgment filed by Gallaher's ex-wife, Mary Terese Breaux, on January 11, 2006. Breaux subsequently moved for contempt on the ground that Gallaher had failed to pay court-ordered child support for the couple's two children. Breaux testified that Gallaher was ordered to pay $850 per month in child support and that he owed $24,709.96 in back payments. Gallaher, who represented himself at the motion hearing, testified on cross-examination that he was currently employed at a sandwich shop and was paid $200 per week. He stated that he had made payments of $100 per month toward restitution ordered by a Florida federal court, arising out of an earlier child support dispute. He admitted that he had not paid the monthly $850 child support payments since December 2003.[1] Gallaher also stated that he had a lawsuit pending against the United States government for,

---

[1] At the time of the hearing Gallaher had a case pending in another court to reduce his child support obligations.

inter alia, back wages and had turned down the government's offer of $120,000 plus a government job with an annual salary of $60,000. Gallaher presented no evidence on his own behalf.

The trial court granted Breaux's motion, finding that Gallaher owed $24,709.96 in back child support and had the present ability to pay. The court determined that Gallaher's nonpayment of the child support was wilful and deliberate, and the judge ordered Gallaher incarcerated until he paid the back child support.

Gallaher moved for reconsideration of the trial court's order, and he was represented by counsel at the hearing on that motion. Gallaher testified that he had no liquid assets, did not own an automobile, and had no other assets with which to pay the back child support. Gallaher stated that he could not obtain the money from his family. His parents and family had already given him $55,000 toward his past child support obligations, including funds from his parents' savings and retirement. He also stated that his father had paid $5,000 toward the children's braces within the last six months.

Gallaher was jailed for 13 months in connection with the earlier federal child support matter and, during his incarceration, paid $75 per month toward his support obligations. Since his incarceration, he has been paying $100 per month. After he was released from prison, he went to a halfway house, and obtained the job with the sandwich shop in connection with his federal probation. Gallaher stated that his efforts to obtain other employment had been unsuccessful due in large part to the fact that he was a convicted felon. Nevertheless, Gallaher believed that he could obtain a job through the halfway house within 14 days if he were released from jail. Although he has remarried, he signed a pre-nuptial agreement providing that his wife would have no responsibility for his child support obligations. Gallaher's attorney asked him if he understood what a work release program was and whether he would be agreeable to enter into such a program. Gallaher stated that the program would be better than just being in jail because he would be able to earn money to pay some of his support.

Although Gallaher's attorney requested that he be released from jail in order to get a job and begin to earn money to pay his back child support, the trial court declined to do so. Instead, the trial judge signed an order maintaining the original contempt order, but recommending that Gallaher be considered for a work release program. The order provided that any fees Gallaher earned in that program would go first to the sheriff for his board and fees, with the remainder going to Breaux to pay his child support obligations.

Gallaher now contends that the trial court erred in (1) finding him in wilful contempt where there was no evidence of a wilful refusal to pay child support and in refusing to release him from custody after

he showed an inability to pay; (2) placing him in a work release program for an unspecified period of time until the back child support was paid; and (3) ordering that 100 percent of his earnings from the work release program be paid to the plaintiff minus board and fees to the sheriff.

A person who has failed to pay child support under a court order when he has the ability to pay may be subject to incarceration for either civil or criminal contempt. *Hughes v. Dept. of Human Resources*, 269 Ga. 587 (1) (502 SE2d 233) (1998). Because Gallaher was sentenced for an indefinite period until the performance of a specific act (i.e., payment of back support), the contempt in this case was civil. Id. "The essence of civil contempt involved in a proceeding to enforce child support is wilful disobedience of a prior court order." (Citation and punctuation omitted.) *Webb v. Watkins*, 283 Ga. App. 385 (1) (641 SE2d 611) (2007). And if there is any evidence to support the trial court's finding of a wilful refusal to comply with a court order, this court will affirm the order of contempt. Id. Thus, "[t]he question of whether a contempt has occurred is for the trial court, and its determination will be overturned only if there has been a gross abuse of discretion." (Citation omitted.) *Harrell v. Fed. Nat. Payables*, 284 Ga. App. 395, 398 (3) (643 SE2d 875) (2007).

Nevertheless, a trial court must release a party from incarceration for civil contempt when he lacks the ability to purge himself:

> Imprisonment under civil sanctions is always conditional and a party found in contempt may apply for release at any time upon a showing of inability to pay. As we have long held, the moment it appears that there is *inability*, it would clearly be the duty of the judge to discharge the party. Because the purpose of civil contempt is to provide a remedy and to obtain compliance with the trial court's orders, the justification for imprisonment is lost when that compliance is impossible.

(Punctuation and footnotes omitted.) *Hughes v. Dept. of Human Resources*, 269 Ga. at 587-588 (2).

We cannot say that the trial court abused its discretion in initially finding Gallaher to be in civil contempt, as there was evidence at the initial hearing that he had refused compensation and employment that would have allowed him to pay his child support obligations and that he failed to seek employment commensurate with his skills and training. But we find that the trial court erred in failing to release Gallaher from incarceration based upon the evidence at the hearing on the motion for reconsideration, which clearly

established that Gallaher lacked the ability to purge himself. *Hughes v. Dept. of Human Resources*, 269 Ga. at 588 (2).

Nor did the trial court properly direct Gallaher to a work release program. Under OCGA § 15-1-4 (c), "[w]hen a person who is gainfully employed violates an order of the court granting . . . child support" is found to be in contempt, he may be sentenced "to a term of confinement in a diversion center and participation in a diversion program. . . ." The trial court chose not to apply this provision in its original contempt order. Instead, Gallaher was incarcerated and apparently lost his job. Therefore, he was able to establish his present inability to pay entitling him to release from incarceration, without reference to any current income or any consideration of whether that income would have given him the ability to pay. Once Gallaher established his inability to pay, the trial court had no authority to continue his incarceration and thus no authority to confine him in a diversion center or to place him in a work release program under OCGA § 15-1-4 (c).[2]

Accordingly, we reverse the trial court's order continuing Gallaher's incarceration and recommending him for the work release program. Because we have found that the trial court had no authority to place Gallaher in a work release program, we need not reach his argument regarding the amount withheld from his pay while in the program.[3]

*Judgment reversed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JULY 6, 2007.

*Daryl G. Lecroy*, for appellant.
*Anthony M. Zezima*, for appellee.

---

[2] We note that the statute also provides for "a term of confinement" in a diversion center. This language might be interpreted as requiring a sentence for a definite term, which raises the question of whether a civil contempt sentence for an indefinite term until a specified condition is met would satisfy the statute. But we need not reach that issue in this case.

[3] We note, however, as stated by Justice Hunstein in her concurrence in *Hughes v. Dept. of Human Resources*, 269 Ga. at 588, any deductions from the income of a contemnor in such a program are subject to the provisions of OCGA §§ 19-6-30 through 19-6-33. See OCGA § 42-8-130.