**FOURTH DIVISION
ELLINGTON, P. J.,
BRANCH and MERCIER, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules**

**October 27, 2016**

# In the Court of Appeals of Georgia

A16A1972. IN RE: ESTATE OF JIMMY DARRYL BANKS, SR.    JE-072

ELLINGTON, Presiding Judge.

The Probate Court of Meriwether County entered an order finding Jimmy Darryl Banks, Jr. ("Banks") in contempt of court for violating its orders that he preserve and return certain specified property of his father's estate. Pursuant to this Court's order granting Banks's application for discretionary appeal, see OCGA § 5-6-35 (a) (1), he appeals, and, for the reasons explained below, we vacate the contempt order and remand.

The record shows the following proceedings. Jimmy Darryl Banks, Sr., died intestate in November 2014. In August 2015, his widow, Eunice Banks, and his daughter, April Banks (the "petitioners" or the "co-administrators"), filed a petition for letters of administration in the Probate Court of Meriwether County. On August

19, 2015, the petitioners then filed an emergency motion, seeking an order restraining Banks and Doris Harris (identified as the decedent's friend) from disposing of personal property that had belonged to the decedent, including five specified motor vehicles, a lawn mower, and a trailer. The probate court immediately granted a temporary restraining order, enjoining any person in possession of the listed property from selling, pawning, or otherwise disposing of the property, unless authorized by court order, and directing such persons to immediately surrender the property to a sheriff's deputy at the decedent's former residence. On September 8, 2015, the petitioners filed a motion for contempt, alleging that Banks and Harris violated the temporary restraining order by failing to retrieve or relinquish any of the property listed in the order.

In two orders entered on September 28, 2015, the probate court recited that it held a hearing six days earlier (on September 22, 2015). In one order, the probate court granted the petition for letters of administration and designated Eunice Banks and April Banks as co-administrators of the estate. In the other order the probate court ordered Banks and Harris to return all property listed in the August 19, 2015 temporary restraining order. The probate court commanded Banks and Harris to complete the requirements of that order entered on September 28, "within five days

after the hearing held on September 22" and ordered that "failure to comply with this Order shall be punished by imprisonment . . . [with the contemnor] to remain [in jail] so charged with contempt until he or she complies with this Order." During these proceedings, the co-administrators were represented by attorney Robert Bexley.

On February 5, 2016, the co-administrators filed pro se a motion for imposition of sanctions for contempt against Banks and Harris, alleging that they failed to return the property as ordered. Before the hearing on the motion, the co-administrators' attorney moved to withdraw, and the probate court granted his request on March 1, 2016. The court conducted a hearing on the motion for contempt beginning on March 18 and concluding on March 21, 2016. In an order entered March 22, 2016, the probate court found that Banks was in wilful contempt of its September 28, 2015 order, based on his failure to return three vehicles and their keys (a 1972 Camaro,[1] a 1979 black van, and a 2002 Dodge Stratus), along with the keys to a fourth vehicle (a 1993 Ford F150) and a lawn mower. The court ordered that Banks be incarcerated until further order of the court, noting that he could purge himself of contempt by fully complying with the order to return the property to the co-administrators.

---

[1] The record shows that the temporary restraining order actually referenced a *1992* Camaro.

Because Banks's contumacious conduct occurred outside the presence of the probate court, the court granted his request for supersedeas, pending this appeal.

1. Banks contends that, because the co-administrators were still represented by counsel on February 5, 2016, they were without legal authority to represent themselves in filing a motion for sanctions and, therefore, that the probate court erred in going forward with the contempt proceeding over his counsel's oral objections.[2] If Banks had formally moved to dismiss the co-administrators' motion for sanctions on the basis that they still had counsel of record, which he did not, and the trial court had dismissed their motion, the co-administrators had only to wait until their counsel had been permitted to formally withdraw to immediately refile their motion pro se. By the time of the evidentiary hearing on the co-administrators' motion for sanctions, their counsel had formally withdrawn, and they were no longer represented by counsel. Banks has not articulated any basis for finding that he suffered any prejudice

---

[2] *Seagraves v. State,* 259 Ga. 36, 39 (376 SE2d 670) (1989) (A layperson does not have the right to represent herself while also represented by an attorney.); *Ervin v. Turner*, 291 Ga. App. 719, 723-724 (662 SE2d 721) (2008) (The trial court properly dismissed a defendant's motion to set aside because it was made pro se when she was represented by counsel.); *Jacobsen v. Haldi*, 210 Ga. App. 817, 819 (1) (437 SE2d 819) (1993) (The trial court properly denied and refused to accept the client's pro se objection to the reduced damage award because she could not attempt to represent herself by filing pro se pleadings while at the same being represented by counsel of record.).

4

in the trial court's tacitly allowing the co-administrators' premature pro se filing to be held effectively in abeyance pending formal withdrawal of counsel. "The trial court's exercise of its discretion in undertaking such actions to aid in the orderly administration of its business will not be disturbed on appeal absent an impermissible restriction of [a litigant's] access to the courts[.]" *Higdon v. Higdon*, 321 Ga. App. 260, 267 (4) (739 SE2d 498 (2013). Under the circumstances presented here, we discern no abuse of discretion in the probate court's economical management of the proceedings.

2. In related claims of error, Banks contends that the probate court erred in finding him in wilful contempt and ordering him confined until he returns the personal property described in the probate court's September 28, 2015 order, a task he contends was shown to be impossible under the circumstances.[3]

---

[3] In particular, Banks contends that he testified at the contempt hearing that the decedent's estate did not comprise any lawn mower such as that described in the probate court's temporary restraining order, that the co-administrators failed to rebut his testimony with any evidence, and that the probate court therefore erred in finding him in wilful contempt for failing to turn over a lawn mower that does not exist. Similarly, he contends that there was no evidence that the decedent's estate comprised either a 1972 [sic] Camaro or a 2002 Dodge Stratus as specified in the probate court's temporary restraining order, precluding a finding of contempt. He contends that he testified at the contempt hearing that he sold the decedent's black 1979 Chevrolet van for $95 as scrap and used the funds to contribute to the funeral expenses and therefore the vehicle no longer exists. And he contends that he testified at the hearing that he pawned the 1993 Ford F150 truck described

The appropriate standard of proof in a civil contempt case is preponderance of the evidence. On appeal from an order finding a party in civil contempt, if there is any evidence from which the trial court could have concluded that its order had been violated, this Court is without power to disturb the judgment absent an abuse of discretion.

(Citations and punctuation omitted.) *In re: Singleton*, 323 Ga. App. 396, 403 (2) (b) (744 SE2d 912) (2013).

In his notice of appeal, Banks indicated that "[a]ny transcript of evidence and proceedings will be filed for inclusion in the record on appeal." No such transcript was transmitted to this Court. Upon inquiry to the clerk of the probate court, it appears that there was no court reporter at the hearing on the motion for contempt beginning on March 18 and concluding on March 21, 2016. Ordinarily, Banks's failure to support his claims of error with specific reference to the record or transcript as needed to support his statement of facts would result in affirmance of the probate court's judgment.[4] However, under these circumstances, an affirmance on the basis

___

in the September 28, 2015 order and used the funds to contribute to the funeral expenses and that he lacks the funds to pay the loan and reclaim the truck, precluding a finding of wilful noncompliance.

[4] *Broadcast Concepts v. Optimus Financial Svcs.*, 274 Ga. App. 632, 634 (1) (618 SE2d 612) (2005) ("Without a transcript, the appellate court must find that the trial court's findings of fact are supported by evidence." ) (citation and punctuation omitted); *Holt v.*

6

of such procedural default would, if Banks's compliance with the September 28, 2015 order is truly impossible, impermissibly subject Banks to indefinite incarceration for civil contempt. Under Georgia law,

> [w]hen the trial court orders incarceration for an indefinite period until the performance of a specified act, the contempt is civil. . . . A trial court, however, may not continue incarceration for civil contempt when the respondent lacks the ability to purge himself. Imprisonment under civil sanctions is always conditional and a party found in contempt may apply for release at any time upon a showing of inability to [comply]. . . . [T]he moment it appears that there is *inability*, it would clearly be the duty of the judge to discharge the party. Because the purpose of civil contempt is to provide a remedy and to obtain compliance with the trial court's orders, the justification for imprisonment is lost when that compliance is impossible.

(Punctuation and footnotes omitted; emphasis in original.) *Hughes v. Georgia Dept. of Human Resources*, 269 Ga. 587, 587-588 (1), (2) (502 SE2d 233) (1998). Because the co-administrators have not filed any brief disputing Banks's claim that the

---

*Brown*, 177 Ga. App. 823 (341 SE2d 486) (1986) ("[W]here no transcript or agreed statement of facts is furnished, the appellate court is bound to assume that the trial court's findings are supported by sufficient competent evidence for there is a presumption in favor of the regularity of all proceedings in a court of competent jurisdiction.") (citations and punctuation omitted); Court of Appeals Rule 25 (c).

evidence showed that his compliance with the probate court's order is impossible,[5] we deem it appropriate to remand to the probate court to allow for the completion of the appellate record. See OCGA § 5-6-41 (g).[6]

---

[5] We note that, while the co-administrators have filed no responsive brief in this case, Case No. A16A1972, they did file a response to his application for discretionary appeal, Case No. A16D0346. In that pleading, they do not show that Banks's full compliance with the September 28, 2015 order is possible. (As to the 2002 Dodge Stratus, they assert that, as of April 11, 2016, the vehicle was "sitting on the property at 437 Davenport Rd," which is the address where Banks was commanded to return the vehicle.) Instead, they insist that Banks's conduct is criminal and that, having "do[ne] the crime . . . he must do the time." Because, as explained above, the probate court did not impose a definite term of confinement as punishment for contumacious behavior, however, the key question is not whether Banks's *past* conduct was wrongful but whether his noncompliance is *and continues to be* wilful. *Hughes v. Georgia Dept. of Human Resources*, 269 Ga. at 587 (2); *Gallaher v. Breaux*, 286 Ga. App. at 377-378 (Once contemnor, who was found in civil contempt for refusing to pay back child support and incarcerated, established his inability to pay, the trial court had no authority to continue his incarceration and, thus, had no authority to confine him in a diversion center or to place him in a work release program.); see *Cross v. Ivester*, 315 Ga. App. 760, 764 (1) (728 SE2d 299) (2012) (The burden is on the contemnor, and not on the trial court, to affirmatively show his or her inability to comply with the court's lawful directives in order to obtain release.).

[6] Where a trial is not reported . . . or where for any other reason the transcript of the proceedings is not obtainable and a transcript of evidence and proceedings is prepared from recollection, the agreement of the parties thereto or their counsel, entered thereon, shall entitle such transcript to be filed as a part of the record in the same manner and with the same binding effect as a transcript filed by the court reporter . . . . In case of the inability of the parties to agree as to the correctness of such transcript, the decision of the trial judge thereon shall be final and not subject to review; and, if the trial judge is unable

Upon appropriate supplementation of the record, the clerk of the probate court shall transmit the complete record to this Court, for redocketing pursuant to the Notice of Appeal Banks filed on May 10, 2016, and briefing shall be as provided in the new notice of docketing.

*Judgment vacated and case remanded. Branch and Mercier, JJ., concur.*

---

to recall what transpired, the judge shall enter an order stating that fact.
OCGA § 5-6-41 (g).