# Court of Appeals
# of the State of Georgia

ATLANTA,  March 06, 2019

*The Court of Appeals hereby passes the following order:*

### A19I0181.  LARRY SCOTT CHATHAM et al. v. GARDNER EXCAVATING, INC. et al.

In this dispute arising out of a real estate development project, the trial court entered an order in July 2018 directing defendants Larry Chatham, Alpine Building & Developing, LLC, Chatham & Company Realty, LLC, and Chatham Realty Holdings, LLC to deposit $270,000 into the court registry within five days of entry of the order.  When the defendants failed to do so, the trial court entered an order in October 2018: (i) finding them in contempt of the July 2018 order; (ii) directing them to submit the $270,000 into the court registry within 30 days; and (iii) reserving ruling on the sanctions to be imposed for the contempt until a subsequent compliance hearing.  After the defendants again failed submit the full amount into the court registry, the trial court entered an order in January 2019 in which it found the defendants in contempt of each of the prior orders and, as punishment for the contempt, struck the defendants' answer, counterclaims, and third-party complaint. The trial court subsequently certified its order for immediate review, and the defendants filed this application for interlocutory appeal.

The trial court's January 2019 contempt order is directly appealable under OCGA § 5-6-34 (a) (2).  See *Harrell v. Fed. Nat. Payables, Inc.*, 284 Ga. App. 395, 397 (1) (643 SE2d 875) (2007) ("[T]his court has jurisdiction to hear appeals filed after punishment is imposed pursuant to a contempt order."); *Hamilton Capital Group, Inc. v. Equifax Credit Information Svcs., Inc.*, 266 Ga. App. 1, 2-3 (1) (596 SE2d 656) (2004) (rejecting a claim that this Court lacked jurisdiction over an interlocutory appeal from a trial court order holding a party in contempt for failing

to comply with a temporary restraining order in a pending case that, inter alia, required the contemnor to pay another party for various services); accord *Ramsey v. Ramsey*, 231 Ga. 334, 336 (1) (201 SE2d 429) (1973) ("The order adjudging a person in contempt . . . , in effect, is a final disposition of the contempt matter . . . , whether it involves an interlocutory order or a final judgment."). "This Court will grant a timely application for interlocutory review if the order complained of is subject to direct appeal and the applicants have not otherwise filed a notice of appeal." *Spivey v. Hembree*, 268 Ga. App. 485, 486, n. 1 (602 SE2d 246) (2004).

Accordingly, this application for interlocutory appeal is hereby GRANTED. The defendants shall have ten days from the date of this order to file a notice of appeal in the trial court, if they have not already done so. The trial court clerk is DIRECTED to include a copy of this order in the appellate record.



*Court of Appeals of the State of Georgia*

*Clerk's Office, Atlanta,  03/06/2019*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*



*, Clerk.*