# Court of Appeals
# of the State of Georgia

ATLANTA,  October 03, 2022

*The Court of Appeals hereby passes the following order:*

### A23D0066. TRINITY PROPERTY CONSULTANTS LLC et al. v. CALEB BLANKEMEYER et al.

Caleb and Courtney Blankemeyer ("plaintiffs") filed suit against Trinity Property Consultants LLC and FPA/WC Ansley Place LLC ("defendants") for damages sustained from a flood in their apartment. In May 2022, the parties entered into a settlement agreement that required the defendants, in part, to remove, or cause to be removed, any negative reports on the plaintiffs's credit reports within 10 days of the agreement, and provided that if any dispute arose from the agreement, the prevailing party would be entitled to recover its costs and expenses, including reasonable attorney fees. Over a month later, when the negative credit reports had still not been removed, the plaintiffs moved to enforce the settlement agreement. In July 2022, the superior court entered an order requiring the defendants to remove all negative reports from the plaintiffs's credit reports and pay attorney fees within seven days of entry of the order. When the defendants failed to do so, the superior court entered an order on August 19, 2022: (i) finding them in willful contempt of the court's July 2022 order; (ii) fining them $52,000 as punishment for the contempt; (iii) ordering them to cause all negative reports to be removed from the plaintiffs's credit reports within ten days of the order; and (iv) ordering them to pay attorney fees. The defendants then filed this application for discretionary appeal.

The trial court's August 19, 2022 contempt order is directly appealable under OCGA § 5-6-34 (a) (2). See *Harrell v. Fed. Nat. Payables, Inc.*, 284 Ga. App. 395, 397 (1) (643 SE2d 875) (2007) ("[T]his court has jurisdiction to hear appeals filed after punishment is imposed pursuant to a contempt order."). See also *Ramsey v.*

*Ramsey*, 231 Ga. 334, 336 (1) (201 SE2d 429) (1973) ("The order adjudging a person in contempt . . . , in effect, is a final disposition of the contempt matter[.]"). Consequently, all rulings within the August 19, 2022 order and any other non-final rulings entered in the case may also be raised as part of such a direct appeal. See OCGA § 5-6-34 (d); *Stancil v. Gwinnett County*, 259 Ga. 507, 508 (384 SE2d 666) (1989).

We will grant a timely application for discretionary appeal if the lower court's order is subject to direct appeal. See OCGA § 5-6-35 (j). Accordingly, this application for discretionary appeal is hereby GRANTED. The defendants shall have ten days from the date of this order to file a notice of appeal in the trial court, if they have not already done so. The trial court clerk is DIRECTED to include a copy of this order in the appellate record.



Court of Appeals of the State of Georgia
        Clerk's Office, Atlanta,___10/03/2022_____
        I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.
        Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk.